ELIZABETH STURGIS v. THE DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY COMPANY.

*Negligence—Railroad companies— Trespassers—Station grounds— Manner of ingress and egress.*

1. It is impracticable to keep off trespassers from an open railway track, and all who go upon it do so on their own risk of such dangers as are incident directly to such use.
2. Under all the decisions made in this State on the subject, a railway company which has provided all reasonable facilities for ingress and egress from its station-houses has done its full duty in that regard, and cannot be bound to suppose that passengers who do not know the way will neglect the means open to their sight, and go off in the darkness somewhere else.

Error to Shiawassee. (Newton, J.) Argued October 4, 1888. Decided November 28, 1888.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*E. W. Meddaugh,* for appellant.

*A. R. McBride* and *Watson & Chapman,* for plaintiff, contended:

1. The statute does not contemplate that a railroad company shall maintain a cattle-guard between its depot and the nearest public highway, nor that it shall maintain a useless cattle-guard, as was this, since there was no fence from it to the depot on the north side of the track, and after the accident to plaintiff defendant filled up the pit, giving as a reason that it was dangerous to employés; citing *Railway Co. v. Campbell,* 47 Mich. 265.

2. The fact having been established that the defendant received and discharged its passengers over this route, it was its duty to keep it in a reasonably safe condition for such use; citing *Cross v. Railway Co.,* 69 Mich. 363; *McKone v. Railroad Co.,* 51 Id. 601; *Hulbert v. Railroad Co.,* 40 N. Y. 145; *Hoffman v. Railroad Co.,* 75 Id. 605.

CAMPBELL, J. Plaintiff fell into a cattle-guard at Durand, where defendant's railway crosses from the station grounds into the adjoining highway leading to the village, and was injured. She sued defendant for negligence, alleged to have consisted in leaving the pit open at the place in question, claiming that the railroad track was used as a foot-path, and that defendant was bound to keep it in safe traveling order.

Plaintiff had arrived with her husband on a train from Gaines to Durand, arriving after dark in the evening of December 1, 1885. She was not acquainted with the premises. Instead of going into the depot, which fronted on a highway on the other side from where she stepped from the cars upon the rear platform, and without making inquiry of any one, they went along the platform to where it ended with a step down upon the track in the station-yard, and then took the track, and walked along it in the direction taken by the train which they had left. There were no lights along the track after it passed the depot. The platform was about 270 feet long,

and from the end of the platform to the cattle-guard was 445 feet further. The cattle-guard had no facilities for crossing, and does not appear to have been peculiar in its construction. There was a safe way from the front of the depot by the regular highway to the village, which, by reason of an angle, made the way thither rather longer than the straight line along the track to the cattle-guard on the highway. The way taken by plaintiff and her husband was all within the private grounds of the railway used for station purposes, and there were no walks or other means provided for pedestrians through this yard, and it was not lighted. The railway track was leveled and graded as usual in such places, and it was on this track, between the rails, and where all the trains ran, that plaintiff set out from the depot, and walked till she was hurt.

The declaration does not disclose the fact that the plaintiff walked along the track, but alleges that plaintiff took—

"The usual and only course of travel from said place [the depot] to the village of Durand, and was instructed by said defendant to go, and did go, along said railway company's ground until she had reached the main street of the village of Durand; this having been the custom of said company for the last seven years prior to said 30th day of November, 1885, to deliver its passengers at the place aforesaid, and then to permit, allow, and compel them to walk over the aforesaid course and ground to reach the highway in the village of Durand."

It then alleged it to be the duty of defendant to keep this ground in suitable and safe condition for passage, and charged that it wrongfully dug this pit, partly on its own ground and partly in the highway, where the public must pass over or around it in going to and from the highway to the depot, and left it uncovered, so that people frequently fell in, and that plaintiff, being ignorant

of the surroundings, and following defendant's instructions, and going along the usual course of travel, met with the mishap complained of.

The court below practically told the jury that the facts relied on were not such as would authorize a recovery, but did not take the case from the jury, who gave a verdict for plaintiff of $1,000. The only error assigned is that the case was not taken directly from the jury.

There was no conflict in the evidence that the defendant had all necessary platform accommodations, with access to the only highway leading to the town. The only ground urged for plaintiff was that the railroad track was very generally used as a shorter cut from the village to the depot than was furnished by the regular road. So far as defendant's use of it is concerned, it was not shown to have differed in any way from that generally made of railroad tracks on railroad premises, and no other means of travel on it appeared than would be found on any such track. The company never took measures to light it, or to facilitate ingress and egress. The travel over it was just such as will be found anywhere along such tracks, which cannot be closed more effectually than by a cattle-guard. It is impracticable to keep off trespassers from an open track, and all who go upon it do so on their own risk of such dangers as are incident directly to such use. Under all the decisions made in this State on the subject, a company which has provided all reasonable facilities for ingress and egress from its station-houses has done its full duty in that regard. No company can be bound to suppose that passengers who do not know the way will neglect the means open to their sight, and go off in the darkness somewhere else.

The case made by the declaration relies upon positive action by the company, as well as elements of negligence, of which there was no testimony in the case whatever.

But, aside from any questions of variance, we think no case was made out, and that the specific charges given were such that the jury could not have found the verdict they did without misunderstanding them.

The judgment must be reversed, with costs.

The other Justices concurred.