JOHN R. O'NEIL v. THE DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY.

*Negligence — Railroad companies — Defective station premises — Pleading.*

1. The declaration in an action on the case must contain a specific and unequivocal statement of the essential facts constituting the cause of action.

2. Plaintiff was injured in attempting to cross defendant's tracks while on his way to its station from the business portion of an adjacent village. The declaration averred that the defendant, at the time of the accident, possessed and controlled at said station not only its main track, but certain side tracks, upon and across which at the point where plaintiff was injured all persons lawfully being at said station, and having occasion to go to the principal business portion of the village, or therefrom to said station, were used and accustomed, and were authorized by the defendant, to pass and repass, and that the plaintiff, while on his way to said station, and while lawfully upon the premises of the defendant, with its permission and by its invitation, stumbled and fell over one of the rails in its track, and received the injury complained of. And, in affirming a judgment sustaining a demurrer to the declaration, it is held:

   *a*—That there is nothing in the allegation that, at the point where plaintiff was injured, that portion of the public having occasion to go to and from the station, and a part of the business portion of the village, were accustomed and authorized to go, to show that the defendant ever set apart this point as a place of crossing for its patrons, or ever invited any one to go there, unless it is to be inferred from the statement that such persons were authorized and accustomed to do so; that it mentions no public street or way, and simply describes a point upon defendant's land as opposite a drug store.

   *b*—That the statement that plaintiff was upon the premises of the defendant by its permission and invitation is far from saying that it invited or induced plaintiff to enter and cross at that point; that the inference is strong that the point mentioned is not the only or usual way provided by the defendant for the ingress and egress of its patrons, whom it invites, or of persons whom it permits, to enter its grounds, but that

people have for their own convenience gone "across lots" to and from the station at the point opposite the drug store, and that the defendant has not prohibited and prevented it; and that to hold that such use would raise an obligation to plank its right of way alongside of and between its tracks would be to require it to build sidewalks, or their equivalent, at any point where a sufficient number of the people chose to take a short cut across its grounds.

Error to Schoolcraft. (Steere, J.) Argued October 13, 1893, and reargued April 4, 1894. Decided July 10, 1894.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Henry A. Chaney,* for appellant.

*J. W. McMahon (A. B. Eldredge,* of counsel), for defendant.

HOOKER, J. The defendant has a depot separated from a part of the business portion of the village of Seney by its tracks. Seney is a village of but a few hundred inhabitants, in the county of Schoolcraft,—a county which is but sparsely inhabited. The action is brought by plaintiff, who attempted to cross the tracks of defendant, and, stumbling over one rail, fell, and was injured upon another. He bases his claim for damages upon the alleged duty upon the part of defendant to lay plank between and by the sides of the rails of its tracks. The cause is here upon demurrer, and the only question is whether the declaration states a cause of action.

The declaration states that defendant possessed and controlled a public railroad station, and *at said station* the main and side tracks in question, "across which said side tracks and main track, at the point where said plaintiff was injured,   *   *   *   all persons lawfully being at said station, and having occasion to go thence to the principal business portion of the village of Seney, or therefrom

to said station, were used and accustomed, and were authorized by the defendant, to pass and repass." It then alleges the duty of planking between and alongside of the rails, and the negligent omission thereof. It states further that on the evening of December 17, 1891, the plaintiff was expecting to receive a letter or letters which he supposed had been directed to him at Marquette, and for which he had telegraphed a request that they be sent to him at Seney by the conductor of a train upon said railroad, to receive which letter or letters the defendant had authorized plaintiff to go and pass and repass across, over, and upon its said tracks at the point aforesaid, to wit, opposite and in front of a certain drug store kept by one Scott, the same being a regular, *usual, and accustomed way for him to go and pass and repass* for this purpose, of which fact defendant had notice; and that said plaintiff was intending, in case he received no letters, *to go to the telegraph office, which was in the station or depot building of said defendant,* for which purpose, likewise, said defendant had as aforesaid authorized him to cross said tracks *at said point,* there being *the regular and accustomed place for crossing for such purposes.* The declaration further avers that the plaintiff, while on his way as aforesaid to the train at said station, and, in case he received no letters, *then to said telegraph office,* "and while lawfully upon the *premises* of said defendant, with its *permission* and *by its invitation,*" etc., "did stumble and fall over one of the rails," etc.

It will be noticed from the above extracts, which constitute substantially the important averments of the declaration, that, at the point where plaintiff was injured, that portion *of the public* having *occasion* to go to and from the station, and a part of the business portion of Seney, were accustomed and authorized to go. There is nothing in this allegation to show that the defendant ever

set apart this point as a place of crossing for its patrons, or ever invited any one to go there, unless it is to be inferred from the statement that such persons were authorized and accustomed to do so. It mentions no public street or way, and simply describes a point upon defendant's land as *"opposite a drug store."* Again, the statement that plaintiff was upon the premises of the defendant by defendant's permission and invitation is far from saying that it invited or induced him to enter and cross at that point. The inference is strong that the point mentioned is not the only or usual way provided by defendant for the ingress and egress of its patrons, whom it invites, or persons whom it permits, to enter its grounds, but that people have for their own convenience gone "across lots" to and from the station at the point opposite the drug store, and that the defendant has not prohibited and prevented it. To hold that such use would raise an obligation to plank its right of way would be to require it to build sidewalks, or their equivalent, at any point where a sufficient number of the people chose to take a short cut across its grounds.

It is true, as contended by counsel, that a declaration is not required to set up the evidence by which the cause of action is to be proved, but an action upon the case does require a specific and unequivocal statement of the essential facts constituting the cause of action. We must conclude that the pleader did not state that the defendant had provided this place as one of ingress and egress because it had not done so; that he failed to state that the plaintiff was invited to enter and cross at that point because it would not have been a true statement; that he did not state that it was the usual way for the public to enter and leave such premises because it was not, but, as he says, only of those who had *occasion* to go to and come from the principal part of the business portion of Seney.

Furthermore, the declaration shows that the plaintiff was in the habit of crossing at this point, and therefore that he knew that there was no planking between the rails. There is no showing that the premises were out of repair, and we are of the opinion that under the circumstances of this case it should not be left to a jury to determine whether a railroad company should build walks in the rural hamlets along its line at all points where some considerable portion of the public may find it convenient to establish a footpath across its grounds. See *Sturgis v. Railway Co.*, 72 Mich. 622. The declaration does not unequivocally state that the defendant ever invited or allured the plaintiff upon such portion of the grounds.

The judgment should be affirmed.

McGRATH, C. J., LONG and GRANT, JJ., concurred with HOOKER, J. MONTGOMERY, J., concurred in the result.