CLARK *v.* MICHIGAN CENTRAL RAILROAD CO.

RAILROAD COMPANIES—TRESPASSERS—LIABILITY FOR INJURIES.
  A railroad company is not liable for injuries to a trespasser or bare licensee resulting from his falling over a semaphore wire while crossing the right of way of the company.

Error to Washtenaw; Kinne, J. Submitted April 9, 1897. Decided May 25, 1897.

Case by George V. Clark against the Michigan Central Railroad Company for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Lehman Bros.*, for appellant.

*John F. Lawrence*, for appellee.

HOOKER, J. Main street, in the village of Chelsea, runs north and south, and crosses the defendant's six tracks at an angle of about 25 degrees. The freight and passenger houses are south of the tracks; the former being a few rods west, and the latter about the same distance east, of Main street. On the north side of the railroad tracks is a driveway extending from Main street westerly, parallel with the tracks, between which and the tracks are three buildings. The first is Wood's ware-

house, and is situated but a few feet from Main street; next is Kempf's warehouse, which stands farther west, but in close proximity to Wood's warehouse; and a little farther west is a building called an "oil house." The drive-way gives access to all of these buildings upon the north, and the track is close to them upon the south. There is a sidewalk on the west side of Main street. The first street to the north of the tracks is North street, which is parallel with the track, and it is apparent that persons living upon that street west of Main street find the distance to the business portion of the town shorter by going in a direct line across the tracks than by taking the highway run-ning northeast to Main street, and then south; and, the station grounds being unfenced, people are in the habit of walking upon and across them at will. There is no evi-dence indicating an invitation or license unless it be found in the fact that the defendant has taken no steps to pre-vent it. The accompanying diagram will aid in under-standing the situation. The line A-B C-D, between the second and third tracks (counting from the north), repre-sents a wire which is used to operate, from the station, a semaphore, some distance off. This wire is raised some eight or ten inches from the ground, being supported at short intervals upon rollers or pulleys, and is drawn taut. Witnesses differ about the size of the wire, stating it to be from one-eighth inch to the size of the finger. One says it is a twisted wire; others that there were two wires. On the occasion of the injury, the plaintiff started from Kempf's warehouse, where he had delivered some poultry, to go to Kempf's bank to get a check for the chickens. Instead of going by the highway with his son, who drove the team, he took a more direct route across the tracks, thinking to save a little time, and was tripped by the wire, and hurt his elbow. The circuit court directed a verdict for the defendant, and the plaintiff has appealed.

Counsel for the plaintiff make the claim that the com-mon practice of crossing the unfenced grounds of the de-

fendant at this point for over 20 years had established a
public easement, but they cite no authority which sustains
the contention.   In our opinion, the evidence does not
create a suspicion of the existence of an easement.   There

is nothing that indicates a license even, unless it is to be
inferred from the fact that the defendant did not care to
contest the right of every person whose convenience
might lead him to cross the premises.   Technically, such
people were trespassers; but it is not to the discredit of
the defendant that it did not resort to violence or litiga-
tion to stop a practice that did it no harm.   Whether
these persons were trespassers or naked and gratuitous
licensees (which last we do not mean to intimate) is un-

important.   In neither case had they the right to expect
the defendant to forego a reasonable use of its land, in
which respect it stood on the same plane as a private per-
son.   Such persons may have rights of action where a
wanton injury is done them, or where caused by unlawful
acts, and, under some circumstances, in the running of
trains, as in the following cases cited by counsel:   *Barry*
v. *Railroad Co.*, 92 N. Y. 289 (44 Am. Rep. 377); *Byrne*
v. *Railroad Co.*, 104 N. Y. 362 (58 Am. Rep. 512); *Tay-
lor* v. *Canal Co.*, 113 Pa. St. 162; *Nichols' Adm'r* v.
*Railroad Co.*, 83 Va. 99; *Swift* v. *Railroad Co.*, 123
N. Y. 645; *Hooker* v. *Railway Co.*, 76 Wis. 542; *Roth*
v. *Depot Co.*, 13 Wash. 525.   See, also, *Green* v. *Rail-
way Co.*, 110 Mich. 648.   It is the general rule that one
who enters the private grounds of another at the mere
license of the latter does so subject to the attendant risks.
See *Schmidt* v. *Bauer*, 80 Cal. 565, 5 L. R. A. 580.
With the latter report of this case will be found a note
citing many cases in support of the doctrine.   And see 1
Thomp. Neg. 303, and *Kinney* v. *Onsted, post.*   In
our own State are two cases which clearly forbid a recov-
ery:   *Sturgis* v. *Railway Co.*, 72 Mich. 619; *O'Neil* v.
*Railway Co.*, 101 Mich. 437.   In the light of these cases,
the defendant was entirely without fault.

The judgment is affirmed.

The other Justices concurred.