McDONALD v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY CO.

RAILROAD COMPANIES—KILLING STOCK—FENCES.

Where it is necessary, for the common convenience of the public and a railway company, that the latter should leave unfenced a portion of its right of way where a spur joins the main track, it incurs no liability by reason thereof to the owner of a steer which strays upon the track through the opening, and is killed.

Error to Schoolcraft; Steere, J. Submitted June 10, 1897. Decided June 28, 1897.

Case by Andrew McDonald against the Minneapolis, St. Paul & Sault Ste. Marie Railway Company to recover the value of a steer killed on defendant's track. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Virgil I. Hixson*, for appellant.

*C. W. Dunton* and *E. C. Chapin*, for appellee.

LONG, C. J. Defendant built a spur track off its main line, extending about two miles to what is called "White Marble Lime Company's Works." This spur track was never fenced, though built in 1892. At the point where the spur joined the main track, there was an opening in the fence of about 50 feet. This junction was used continuously in making up trains, though no station house was built there. On July 20, 1894, the plaintiff's steer strayed upon this spur track at the opening, and, going thence upon the track, was killed. On the trial the court below directed the verdict in favor of the defendant.

Under the undisputed evidence in the case, the court was not in error in this instruction. It appears that the

defendant was carrying on quite an extensive business at this spur. Large quantities of wood, cedar and hemlock ties, lime, and logs had been banked there during the winter of 1893–94, some of them being banked within two or three hundred feet of the place where the spur left the main line. The switch was used every day for switching passenger trains and for like purposes. It was a public, open switch, and constructed for the convenience of the general public. There was no other spur or siding within four miles of that point, and the nearest station was six miles distant. It is apparent, from the undisputed evidence, that it was necessary to keep this switch open and unfenced for the convenience of the public, who were delivering forest products there. The rule in such cases is stated in *Chicago & Grand Trunk R. Co.* v. *Campbell*, 47 Mich. 266:

"The policy of state legislation is against cattle roaming at large, and on a railroad track they are trespassers. The statute, for reasons of general protection, makes a railroad company liable for their destruction where the fencing is neglected, and they wander upon the track in consequence; but there is no statutory neglect when the place is one which the common convenience of the public and the railway company requires should be open for the transaction of their mutual business."

The case is so fully covered and ruled in principle by *Schneekloth* v. *Railway Co.*, 108 Mich. 1, that no further comment need be made.

The judgment below is affirmed.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. HOOKER, J., did not sit.