PENINSULAR TRUST CO. *v.* CITY OF GRAND RAPIDS.

1. NEGLIGENCE—DANGEROUS PREMISES — TRESPASSING CHILDREN.
   The rule exempting a landowner from liability for injuries sustained by trespassers makes no exception in favor of trespassing children. Following *Ryan* v. *Towar,* 128 Mich. 463.

2. SAME—DEATH BY DROWNING—LIABILITY OF CITY.
   A city is not liable for the death of a child who, having entered its premises, adjoining a public street, through a hole in the fence inclosing the same, was drowned in a reservoir maintained thereon as a part of its waterworks system, though the surroundings were such as to be especially attractive to children.

Error to superior court of Grand Rapids; Newnham, J. Submitted October 9, 1902. (Docket No. 30.) Decided October 28, 1902.

Case by the Peninsular Trust Company, administrator of the estate of Ruby M. Behrend, deceased, against the city of Grand Rapids, for negligently causing the death of plaintiff's intestate. From a judgment for plaintiff, defendant brings error. Reversed.

*Lant K. Salsbury,* City Attorney, and *Ernest L. Bullen,* Assistant City Attorney, for appellant.

*McKnight & McAllister,* for appellee.

MOORE, J.  A reference to the accompanying plat will
help to understand the situation.

The defendant is charged in the declaration with hav-
ing kept and maintained a large reservoir as a part of its
waterworks system.    It is claimed also that, by reason of
the construction, location, and appearance of this reservoir,
"it had a great tendency to and did excite the curiosity of,
and was an attractive place for, children to play, many of
whom frequented the same as a matter of childish curios-
ity."   The reservoir is so constructed that the top is between
20 and 25 feet above the streets.    The outside of the reser-
voir is banked up with sufficient slant to be self-support-
ing; the inside is of puddled clay and cobblestone, with a
cement coating.   The slope on the inside is approximately
45 degrees, and the capacity is estimated at 96,000,000
gallons.   Around the entire property there was a tight
board fence about seven or eight feet high where it is not
on the wall.   On the northeasterly side of the reservoir
the outer base of the reservoir was supported by a stone
wall, and at this point the fence was built upon the wall.
The wall did not continue all the way around the reser-
voir.   Near one end of the stone wall the earth had been
either dug out or washed out, making a hole under the
fence.

On the 3d day of July, 1899, the deceased, Ruby M. Behrend, left her home at about 9 o'clock in the morning, and went away to play. One of her playmates told her and her companion that there were flowers "up there," and about 11 o'clock Ruby, with a companion 10 years of age, left the traveled portion of the street, went through under the fence, climbed up the steep incline to the top of the reservoir, removed her shoes and stockings, and in attempting to wade in the water was drowned. The plaintiff, as administrator, brought this action against the city, and recovered a judgment of less than $400. The case is brought here by writ of error.

Several questions are discussed by counsel, but, as one of them is controlling, no reference will be made to the others. At the time of the trial of this case the opinion in *Ryan* v. *Towar*, 128 Mich. 463 (87 N. W. 644), had not been rendered. The writer of this opinion did not agree with the conclusion reached by a majority of the justices in *Ryan* v. *Towar*, but since it was filed it must be regarded as the law in this State in all like cases. Nearly all the cases cited in the able briefs of counsel filed in this case are referred to in one or the other of the two opinions filed in the case of *Ryan* v. *Towar*. The opinions are long and carefully considered. The case was decided so recently it is not necessary to repeat here what was said. I do not think it possible to distinguish this case from that one.

The judgment is reversed, and no new trial ordered.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.