KATZINSKI *v.* GRAND TRUNK RAILWAY CO.

1. RAILROADS—YARD—DUTY TO FENCE.
   The law does not require a railroad company to fence its yard.

2. SAME—INJURIES TO TRESPASSER—WARNING NOTICE.
   Where a railroad company has posted warning notices along its yard limits notifying all persons to keep off the tracks, it is not liable to a child for injuries which it receives by going on a track filled with cars liable to be moved at any time, on mere proof that children are in the habit of playing on or near the tracks.

Error to Wayne; Frazer, J.   Submitted June 14, 1905. (Docket No. 8.)   Decided July 21, 1905.

Case by Martha Katzinski, by her next friend, against the Grand Trunk Railway Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

Warsaw Place is a short street, with one end leading into St. Aubin avenue, and extending to the railroad yard of the defendant.   In the yard at this point were four

tracks, two of them being side tracks leading to various manufactories. The one next to Warsaw Place was a side track, and for a day or two previous to the accident had been occupied by a large number of freight cars, extending from Warren to Garfield avenues. Plaintiff, 6½ years of age, with several other children, was playing in this street, next to these cars. In some manner, but how it does not clearly appear, she got upon the track as an engine was coupled to the cars to take them out. One of her legs was run over and crushed. None of the employés of the defendant had any notice or knowledge that the plaintiff was upon its tracks. The railroad yards were unfenced. Defendant had posted along its right of way at the intersections of the streets the following notice:

"Grand Trunk Railway System.

"Warning.—This right of way is the private property of the Railroad Company. All persons are warned against walking or trespassing on the track between stations, by doing so they run great risk and are liable to prosecution."

At the conclusion of the evidence the court directed a verdict for the defendant.

*Charles Kudner* (*George Gartner*, of counsel), for appellant.

*Harrison Geer*, for appellee.

Grant, J. (*after stating the facts*). The law did not require the defendant to fence its yard. *Rabidon* v. *Railway Co.*, 115 Mich. 390 (39 L. R. A. 405). Defendant was under no obligation to station an employé at this place, or to have one upon its cars, to see that no trespassers were upon its right of way. It had done all that the law required, if it required even that, by posting warning notices along its yard limits, notifying all persons to keep off. The fact, even if it could have been shown, that persons were in the habit of going down this street and into the defendant's yard, or that children were in

the habit of playing on or near its tracks, would not tend to
fasten any liability upon it, under the circumstances of
this case, when its side track was filled with cars liable to
be moved at any time.   The case is ruled by *Rabidon* v.
*Railway Co.,* supra; *Sturgis* v. *Railway Co.,* 72 Mich.
619; *O'Neil* v. *Railway Co.,* 101 Mich. 437; *Formall* v.
*Standard Oil Co.,* 127 Mich. 496; *Ryan* v. *Towar,* 128
Mich. 466 (55 L. R. A. 310); *McCaughna* v. *Electric.*
*Co.,* 129 Mich. 407.

Judgment affirmed.

CARPENTER, MCALVAY, MONTGOMERY, and OSTRAND-
ER, JJ., concurred.