BIRD *v.* MICHIGAN CENTRAL RAILROAD CO.

RAILROADS—KILLING STOCK—FAILURE TO FENCE—YARDS.

A point on a railroad where the tracks are twelve in number, tracks on one side leading to factories and brick yards, and those on the other leading to ice houses at which cars in transit are iced, such tracks being used also to store cars and for the inspection of cars while being iced, is a yard, and the railroad company is not liable for killing horses upon the tracks at that point because the tracks were not fenced.

Error to Wayne; Frazer, J. Submitted June 12, 1906. (Docket No. 78.) Decided September 20, 1906.

Case by William H. Bird against the Michigan Central Railroad Company for the negligent killing of certain stock. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

*O. E. Butterfield* (*Henry Russel,* of counsel), for appellant.

*Edward S. Grece,* for appellee.

HOOKER, J. The defendant appeals from a judgment on a charge of negligently omitting to keep its fences in repair. It defended upon the claim that plaintiff's colts were killed by reason of their escape from the pasture to the highway and from there they strayed to and entered defendant's yard at Detroit, where its line fence was down in places.

The circuit judge left to the jury the question whether this was a railroad yard, within the meaning of the law, and defendant has assigned error thereon, and upon his refusal to direct a verdict in its favor. The testimony shows that running out from its station in Detroit defendant has a large number of tracks, which, at the point where

the colts entered upon the right of way, are reduced to 12 in number. From the northernmost track several switches branch to different brickyards, mills, factories, etc. Immediately opposite, on the south side of the track, was one of two icing stations where refrigerator cars in transit were iced. Cars were stored and cars in transit were inspected on these tracks. There was no dispute about these facts. There was testimony from which it is inferable that trains are occasionally made up there, but some witnesses testify that they never saw switching done there. In the nature of things the switching necessary to icing, and for the purposes of the various factory switches, must have been done over this ground, and to draw out and in cars stored, and the plaintiff himself testified that he had seen freight cars and engines switching back and forth there right along, and that the place was a "part of what they call the ' Junction Yards.'" Counsel rests his claim that these premises are not yards largely on the fact that the public is not allowed to load and unload there, and the contention that the proof shows that switching is not done there.

There is sufficient in the undisputed proof to show that these premises are yards within the meaning of the statute, the case coming easily within the rule of *Katzinski v. Railway Co.,* 141 Mich. 75. The court should have directed a verdict for the defendant.

The judgment is reversed, and a judgment will be entered here for defendant, with costs of both courts.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.