BURTRAM *v.* MICHIGAN CENTRAL RAILROAD CO.

RAILROADS—PERSONAL INJURIES—CHILDREN ON TRACK—FAILURE
TO FENCE—YARDS.
    A railroad company is not required to fence its yards and is
      therefore not liable for an injury to a child which strays ·
      upon the track within its yard limits by reason of the lack of
      a fence.

Error to Wayne; Rohnert, J. Submitted January 16, 1907. (Docket No. 41.) Decided April 30, 1907.

Case by Anthony Burtram, Jr., by next friend, against the Michigan Central Railroad Company for personal injuries. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Washington I. Robinson,* for appellant.

*O. E. Butterfield* ( *Henry Russel,* of counsel), for appellee.

MCALVAY, C. J. Plaintiff, a boy five years old, by his next friend, sues defendant for injuries received upon

defendant company's tracks at Bay City Junction, in Detroit. He went upon defendant's premises from the highway near the junction of E street and Hubbard avenue. These streets do not cross the railroad right of way, but their junction forms a right angle, the company's right of way running along and being next adjacent to the west line of Hubbard avenue and the west end of E street, which abuts on said right of way. Formerly along this line of defendant's right of way there was a post and wire fence. Some of the posts are still there, but the wires are all gone, except some pieces hanging to the posts. On the trial, at the conclusion of plaintiff's case, a verdict was directed by the court for defendant, on the ground that the accident occurred within the yard limits of the company. Plaintiff appeals from a judgment entered upon the directed verdict.

The only negligence claimed is the failure of defendant to maintain the fence along its premises as provided by statute. From the undisputed facts, it appears that this was within the yard limits of defendant, where, under our decisions, defendant was not required to maintain a fence. *Bird* v. *Railroad Co.*, 145 Mich. 706. See, also, the following cases relative to fencing station grounds and railroad yards: *Flint, etc., R. Co.* v. *Lull*, 28 Mich. 510; *Chicago, etc., R. Co.* v. *Campbell*, 47 Mich. 265; *McGrath* v. *Railroad Co.*, 57 Mich. 555; *Rinear* v. *Railroad Co.*, 70 Mich. 620; *Stern* v. *Railroad Co.*, 76 Mich. 591; *Grondin* v. *Railway Co.*, 100 Mich. 598; *McDonald* v. *Railway Co.*, 113 Mich. 484; *Rabidon* v. *Railway Co.*, 115 Mich. 390 (39 L. R. A. 405); *Cornell* v. *Railroad Co.*, 117 Mich. 238; *Katzinski* v. *Railway Co.*, 141 Mich. 75; *Hamilton* v. *Railway Co.*, 142 Mich. 56.

The judgment of the circuit court is affirmed.

CARPENTER, BLAIR, HOOKER, and MOORE, JJ., concurred.