SEELEY *v.* CHICAGO, DETROIT & CANADA GRAND TRUNK
JUNCTION RAILWAY CO.

NEGLIGENCE—TRESPASSERS—RAILROADS.

No right of action accrues to the estate of an infant killed
while attempting to jump off a flat car on which he had been
riding without permission or license from the railroad com-
pany.

Error to St. Clair; Tappan, J.  Submitted June 9,
1909.  (Docket No. 23.)  Decided July 15, 1909.

Case by William H. Seeley, administrator of the estate
of Charles H. Seeley, deceased, against the Chicago, De-
troit & Canada Grand Trunk Junction Railway Com-
pany and another for the negligent killing of plaintiff's
intestate.  A judgment for plaintiff is reviewed by de-
fendants on writ of error.  Reversed, and no new trial
ordered.

*Harrison Geer* (*W. K. Williams*, of counsel), for ap-
pellants.

*William H. Simpson*, for appellee.

GRANT, J.  Plaintiff's decedent, a boy eight years
and three months old, was playing with four other boys
in a puddle of water on Stone street, in the city of Port
Huron, opposite the yard of the defendant's tracks.
Stone street runs north and south.  The railroad tracks
cross the street diagonally in an easterly and westerly di-
rection.  Three tracks cross the street.  These tracks
east of the road immediately branch off into side tracks,
reaching manufactories located along the tracks to the
eastward.  The boys were in the road south of the track.
A switch crew was engaged in switching cars. The switch
engine was pulling two loaded cars and shoving a flat

car to the eastward. Three of the boys, including the deceased, ran to the flat car in the attempt to get a ride. One of the boys testified that he got on top of the car. The other boy and the deceased stood with their feet on the brake beam, grasping the handholds on the southwest end of the car. The distance from the handholds to the brake beam was two feet and ten inches. After placing a coal car for the Minnesota Coal Company, the engine started to back up. The boy on the flat car jumped off, one upon the brake beam jumped off safely, but the deceased, in attempting to jump, fell under the wheels, and was killed.

Extended discussion is unnecessary. The case is expressly ruled against the plaintiff by *Katzinski* v. *Railway Co.*, 141 Mich. 75 (104 N. W. 409), and *Hamilton* v. *Railway Co.*, 142 Mich. 56 (105 N. W. 82), and authorities there cited. See, also, *Chicago, etc., R. Co.* v. *Smith,* 46 Mich. 504 (9 N. W. 830, 41 Am. Rep. 177); *Peninsular Trust Co.* v. *City of Grand Rapids,* 131 Mich. 571 (92 N. W. 38).

Judgment reversed, and, inasmuch as no different state of facts can be shown upon a new trial, none will be ordered.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.