BROADBECK *v.* DETROIT, MONROE & TOLEDO SHORT LINE
RAILWAY.

1. STREET RAILWAYS—PERSONAL INJURIES—TRESPASSERS — LICEN-
SEES—NEGLIGENCE.

When a street car motorman observes a trespasser or
licensee in a place of danger, reasonable care must be
exercised to avoid injuring him.

2. SAME—REASONABLE CARE—NEGLIGENCE—QUESTION FOR JURY.

In an action against a street car company to recover dam-
ages for personal injuries to a ten-year-old girl, sustained
as the result of the front steps of the car striking her
while she was on one side of an elevation across a marsh,
from which she had no way of escape because of the
water on both sides of the track, where it appeared that
the motorman was acquainted with the narrowness of
the elevation and knew that the car extended over the
ties and at some places nearly over the water, the use
made of it as a right of way by the public and of the
difficulties of pedestrians in passing, and could have
stopped the car, instead of going by at the rate of 8 or
10 miles an hour, *held*, that it was a question for the
jury whether the motorman exercised reasonable care to
avoid injuring plaintiff.[1]

Error to Monroe; Gilday, J. Submitted January
15, 1916. (Docket No. 140.) Decided March 30, 1917.

Case by Gertrude Broadbeck, a minor, by next
friend, against the Detroit, Monroe & Toledo Short
Line Railway for personal injuries. Judgment for
plaintiff. Defendant brings error. Affirmed.

[1]The question of duty imposed on street railroad companies
to avoid injuring children on the track is discussed in note in
25 L. R. A. 663.

On the right of motorman to assume that person on track
will get out of way see note in 21 L. R. A. (N. S.) 880.

*Thornton Dixon,* for appellant.

*Willis Baldwin* and *John O. Zabel,* for appellee.

BIRD, J.   On the 18th day of June, 1913, plaintiff, a ten-year-old girl, was walking in a westerly direction on the track of an electric railway operated by defendant in the summer season between Monroe City and Monroe Piers, a pleasure resort situated at the head of Lake Erie.   The motorman of an east-bound car observed her when about 500 feet away, and turned off the power and permitted the car to coast.   When he observed her, he sounded the whistle, and she went to one side of the elevation and then to the other in an attempt to get to a place of safety.   The elevation was narrow, it having been constructed through a marsh by dredging on either side leaving depressions in which water stood, and it was difficult for plaintiff to find a place of safety without stepping into water of uncertain depth.   The motorman testified that he thought she had found a place of safety, and therefore permitted his car to coast by her.   The front steps of the car extended out further than the side of the car, and she was struck by them and severely injured.   She recovered a judgment of $1,000, and defendant complains because the trial court refused to direct a verdict in its behalf.

Counsel for defendant insists that the testimony entitled him to a directed verdict.   His argument in substance is that plaintiff was a trespasser on defendant's private right of way, and as such it owed her no duty except the avoidance of gross negligence, and that the testimony fails to disclose gross negligence on the part of the motorman.

The record makes it reasonably clear that the railway elevation through the marsh was used by the public with the knowledge and consent of the railway officials.   It was made use of by pedestrians the year

around, persons on horseback, and one witness testified that he has seen a horse and wagon drive over it. Private hand cars were operated upon it. The superintendent testified that on one occasion he gave permission to operate a private hand car over it, and admitted that he had never ordered any one off nor put up any signs forbidding its use as a walk or way. The trial court was of the opinion, and so charged the jury, that plaintiff was a trespasser, but left to them the question whether the motorman, after he discovered her, used reasonable care to avoid injuring her. Plaintiff's counsel insists that the testimony shows that plaintiff was a licensee. In either event, after the motorman discovered her in a position of danger, it was his duty to use reasonable care to avoid injuring her. While there has been some variation in the holdings of courts as to the precise duty which a railroad company owes to trespassers and licensees, they have been nearly unanimous in holding that, when they are discovered in a place of danger, reasonable care must be exercised to avoid injuring them. *Bouw-meester* v. *Railroad Co.*, 63 Mich. 557 (30 N. W. 337) ; *O'Donnell* v. *Railway Co.*, 89 Mich. 174 (50 N. W. 801) ; *Clark* v. *Railroad Co.*, 113 Mich. 24 (71 N. W. 327, 67 Am. St. Rep. 442) ; 33 Cyc. pp. 769-771.

Whether this rule was satisfied in the present case was for the jury to decide. The motorman was acquainted with the narrowness of the elevation, knew that the car extended over the ties, and in some places nearly over the water; he knew the use the public was making of the elevation, and knew the difficulties pedestrians had in passing the car as he had on former occasions stopped his car to permit them to pass in safety. It is claimed the motorman turned on the power again before reaching her, and he admits he could have stopped the car, instead of going by her at the rate of 8 or 10 miles an hour, if he had thought

it necessary. The question was clearly one of fact, and the trial court was right in submitting it to the jury.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.