ANNIE T. GAFFNEY *vs.* GARFELIA BROWN.

Suffolk.    November 14, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Negligence — Due Care — Invitation to Premises.*

At the trial of an action for personal injuries, there was evidence that the plaintiff, a customer at a public dining-room kept by the defendant, was wont to enter it by a certain door and sit at a certain table; that, on the day of the accident, having dined at another table, she arose, and, for the purpose of leaving the room, opened another door, and, without observing whither she was going or paying any heed to her steps, passed through it, fell down a flight of stairs, and was injured. *Held*, that the plaintiff was not in the exercise of due care, and could not recover for her injuries.

TORT for personal injuries occasioned to the plaintiff by falling down a flight of stairs in the defendant's boarding-house.

At the trial in the Superior Court, before *Sherman*, J., there was evidence tending to prove the following facts.

The defendant occupied the house in question and kept a public dining-room, and the plaintiff for several days prior to the accident had resorted to it for her noonday meal, for which she paid a stipulated price. The dining-room was on the ground floor, and extended through from the front of the house to the rear, a distance of about forty feet. It was lighted by four windows, two in the front and two in the rear. The door by which the plaintiff was accustomed to enter and leave the dining-room opened into it from the hall near the front of the house, while farther back on the same side of the room was another door of the house, which also, when opened, swung into the dining-room, and which led directly to the cellar stairs. The latter door was not used as a mode of egress, but there was no sign upon it indicating that it was not to be used as such.

The plaintiff testified that about a week before the accident she began to come to the defendant's house for her dinners, and had been there about four or five times, entering the dining-room on each occasion by the hall door, and sitting at the table nearest the front of the room. On October 16, 1886, the day of the accident, at a little before noon, she entered the dining-

room by the hall door, but, instead of taking a seat in the front of the room as on the previous days, she went to the table in the rear of the room in order that she might be more speedily served. She took a seat facing the rear windows of the room, with her back to the door leading to the cellar stairs. After finishing her dinner, she arose from the table, turned round, and, seeing no other door, stepped to the door leading into the cellar, and, thinking it led into the hall, opened it, passed through, and fell down the stairs into the cellar, thereby sustaining the injuries in question. The plaintiff further testified, that the cellar door was eight feet distant from the nearest window in the rear of the room ; that it was closed but not locked ; and that there was no light in the stairway except what shone in from the windows in the rear of the room.

Witnesses called by the plaintiff testified that the cellar door swung into the dining-room, when opened, so that the light from the rear windows could shine into the cellar-way, but that the cellar-way was dark.

On this evidence the judge ruled that the action could not be maintained, ordered a verdict for the defendant, and reported the case for the determination of this court.

If· the ruling was wrong, the verdict was to be set aside; otherwise, judgment was to be entered on the verdict.

*T. J. Gargan*, for the plaintiff.

*S. P. Smith*, for the defendant.

DEVENS, J.   As the plaintiff was on the premises by invitation as a customer at the public dining-room kept by the defendant, it was the duty of the defendant to keep the room and the approach or approaches thereto in a reasonably safe condition for ingress and egress, and to use reasonable care in order that no injury might occur in passing through the premises to or from the outer door. Sweeny v. *Old Colony & Newport Railroad*, 10 Allen, 368, 373. *Carleton* v. *Franconia Iron & Steel Co.* 99 Mass. 216. *Severy* v. *Nickerson*, 120 Mass. 306. It was, on the other hand, equally the duty of the plaintiff herself to use due care, such as reasonably prudent and cautious persons would use, in making her ingress or egress from the premises. *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368. While the burden is on the plaintiff to show this as an affirmative proposition, it is

not necessarily to be shown by affirmative evidence. The cir-
cumstances under which the injury was received being fully
proved, if nothing appears in her conduct, either of act or neg-
lect, to which the injury may be attributed wholly or partially,
an inference of due care may be drawn from the absence of all
appearance of neglect. *Mayo* v. *Boston & Maine Railroad*, 104
Mass. 137.

When facts are undisputed, the inferences to be drawn from
them may be doubtful and disputable. In such case the ques-
tion of ordinary care would be within the province of the jury
to settle under proper instructions. But where facts are undis-
puted, and also, if viewed in the light of common knowledge
and experience, necessarily show that the plaintiff did not use
the ordinary caution and vigilance which persons of reasonable
prudence exercise, and no excuse for this appears, it is the duty
of the court to direct a verdict for the defendant. *Chaffee* v.
*Boston & Lowell Railroad*, 104 Mass. 108. *Wheelock* v. *Boston
& Albany Railroad*, 105 Mass. 203.

Applying these familiar principles to the case at bar, the un-
disputed facts show that the plaintiff, who had entered the
dining-room by the usual door to which she was accustomed,
and who had dined at a table farther in the rear of the apart-
ment than that at which she usually took her meals, opened a
door in the side of the apartment for the purpose of retiring
therefrom. This door was not in any way indicated as a mode
of egress, and, without observing whither she was going, or pay-
ing any heed to her steps, she walked directly over the threshold,
and was thus precipitated down a flight of stairs leading to the
cellar, to which the doorway directly led. While there was no
sign indicating that this door was not to be used, and that no
person was to enter or depart thereby, the plaintiff must have
been aware that such an apartment would probably have doors
leading to closets or to upper or other apartments, or even to the
cellar. She had been in the apartment before, and knew the usual
egress therefrom. If she thought it possible that the door which
she opened might lead to the hall or entry, and be intended as
a mode of egress, it was certainly her duty to look where she
was stepping before she advanced across the threshold. She
had no right to act unreservedly upon the belief that the door

would necessarily be locked unless intended for egress.  According to common knowledge and experience, her conduct in this respect was careless.

In every particular the case at bar strongly resembles the case of *Wilkinson* v. *Fairrie*, 9 Jur. (N. S.) 280, *S. C.* 1 H. & C. 633, where a similar result was reached. It is unnecessary to consider whether there is any evidence of a want of due care on the part of the defendant.          *Judgment on the verdict.*