### HILSENBECK *v.* GUHRING.

*(Supreme Court, General Term, First Department.   June 26, 1891.)*

NEGLIGENCE—DANGEROUS PREMISES—INSTRUCTIONS.

Defendant, the owner of premises, occupying the first floor himself, and renting the rooms above to tenants, allowed a dark hallway, in which there were three adjacent doors,—one opening into defendant's saloon; one opening on a flight of stairs; and the other, next and close to the last, opening into a water-closet used by all the occupants of the premises,—to remain unlighted. Defendant allowed the door opening on the stairs to remain unlocked on one occasion, and a visitor of one of his tenants, resorting to the water-closet, opened the stair-door by mistake for that of the closet, and fell down the stairs, sustaining serious injuries. *Held,* in an action to recover damages therefor, that the court properly refused defendant's request to charge that leaving the stair-door unlocked was not negligence on his part.

Appeal from circuit court, New York county.

Action by Leonhardt Hilsenbeck against John M. Guhring. From a judgment for plaintiff, defendant appeals. For former report, see 12 N. Y. Supp. 792.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*William J. Garner,* (*Donald F. Ayres,* of counsel,) for appellant. *Charles Steckler,* (*Alfred Steckler,* of counsel,) for respondent.

PATTERSON, J.   On the first trial of this action a nonsuit was directed, and on appeal to the general term the judgment entered thereon was reversed. In the opinion of the court a full recital of all the material facts was made, and, comparing it with those now appearing on the record of the second trial, no substantial difference is perceptible.   There being, therefore, no qualifying factors presenting the rights of the parties in any other aspect than that which was fully considered by the court on the former appeal, we see no reason to change or modify the decision then made, which was that the case should have been submitted to the jury.   The learned judge who presided at the new trial evidently considered himself bound by the conclusion of the appellate court, and his rulings are strictly on the lines of the opinion referred to, and in complete accord with what was there declared to be the law of the case. It was held that while the defendant could only be made liable by establishing the fact that he was guilty of some omission of duty from which negligence might be imputed, yet the evidence presented a case from which the jury might deduce that inference.   Hence the refusal to dismiss the complaint was correct.   It was for the jury to pass upon the facts, and that has now been done under proper instructions.

But an exception was taken to a refusal of the judge to charge a request of the defendant, and that is that it was not negligence that the defendant left the door unlocked at the time of the accident.   This was intended to meet, on the proofs, the question of the omission of the defendant from which negligence might be inferred.   The learned judge refused to charge the request *in totidem verbis,* and very properly so.   It was in effect asking the court to instruct the jury, on one particular circumstance alone, that they must find

.a verdict for the defendant. He did tell them that they must say affirmatively, under all the circumstances, whether the defendant was negligent in leaving the door unlocked in connection with the testimony as to the darkness of the hallway, and the other facts of the case; and that was as favorable a submission as the defendant was entitled to. The judgment should be affirmed, with .costs.

VAN BRUNT, P. J., concurs.

BARRETT, J. I feel bound by the previous decision in this case, although I confess that, if I had then been a member of the general term, I should have .dissented. In my opinion, *Camp* v. *Wood,* 76 N. Y. 92, is plainly distinguishable from the case at bar. There the landlord had let his premises for a dance, to which all persons who applied were admitted on payment of an ·entrance fee. Thus the plaintiff there was present by invitation, and was not a bare licensee. Then, too, the door through which the plaintiff left the house, whereby he fell into the street below, was so situated that persons unfamiliar with the premises might in the night-time have mistaken it for the :street-door. The door through which the plaintiff fell in the present case was inside the house, and was one of three doors leading from a hall to different places within. The plaintiff was a relative of one of the tenants, and a mere visitor. I think the cases of *Gaffney* v. *Brown,* 150 Mass. 479, 23 N. E. Rep. :233, and *Wilkinson* v. *Fairrie,* 1 Hurl. & C. 633, are applicable, and that the plaintiff was properly nonsuited when the case was first tried.