Sweeny, Appellant, *v.* Barrett.

*Negligence—Contributory negligence—Nonsuit.*

In an action for damages for personal injuries a nonsuit is properly entered where it appears that plaintiff, on a dark night, stepped from the rear door of the saloon leased by the defendant with the intention of going on to a lot with which he was unfamiliar, and turning as he stepped out, fell down an outside open stairway leading to a cellar, there being no evidence that the stairway was built in an improper or unskillful manner.

*Evidence of subsequent erection of guard—Review.*

In such a case, the exclusion of evidence that a gate was erected across the top of the stairway after the accident, without designating the length of time after, is no cause for reversal.

Argued Oct. 7, 1892. Appeal, No. 240, Oct. T., 1892, by plaintiff, J. Sweeny, from judgment of C. P. Venango Co., Nov. T., 1889, No. 22, entering compulsory nonsuit in favor of defendant, Stephen Barrett, Jr. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries.

At the trial, before TAYLOR, P. J., it appeared that plaintiff, on the evening of Dec. 29, 1888, was in the saloon of defendant drinking beer. Wishing to go to the water closet, he inquired the way out from some bystanders and started to go by the rear door of the saloon which opened upon a lot. Outside of the door and thirty inches to the right of the door jamb was the first step of a stairway leading to a cellar. The plaintiff was unfamiliar with the locality, and as he stepped upon the lot he turned to the right and fell down the stairway. The far end and side of the cellarway were protected by a guard fence three feet in height. Plaintiff testified that the night was dark and there was no light there. There was no evidence that the stairway was constructed in an improper manner.

Evidence was offered that after the accident defendant placed a gate across the entrance of the cellarway. The witness testified that it was a little while after the accident, but could not tell if it was a day or two or week after. Defendant asked that this evidence be stricken out.

The Court: We will strike it out for the reason that we be-

lieve it was competent only as having been done immediately afterwards, or within a short time afterwards. It is not shown when this was and we will strike it out. Exception. [1]

The court entered a compulsory nonsuit, which it subsequently refused to strike off.

*Errors assigned* were (1) the ruling on evidence, quoting bill of exception and evidence; (2) entry of nonsuit; (3) refusal to take it off.

*J. H. Osmer, R. W. Dunn* with him, for plaintiff.—The defendant was guilty of negligence in leaving an open stairway unguarded so near the exit from his saloon: Bush v. Johnston, 23 Pa. 209; Homan v. Stanley, 66 Pa. 464; Dickson v. Hollister, 123 Pa. 421; Clopp v. Mear, 134 Pa. 203; Hydraulic Works v. Orr, 83 Pa. 332; Schilling v. Abernethy, 112 Pa. 437; Arnold v. Penna. R. R., 115 Pa. 135. The case was for the jury: West Chester, etc., R. R. v. McElwee, 67 Pa. 311; Corbalis v. Newberry Twp., 132 Pa. 9; Dalton v. Upper Tyrone Twp., 137 Pa. 18. It was error to strike out the evidence as to the gate: Penna. R. R. v. Henderson, 51 Pa. 315; West Chester, etc., R. R. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218.

*C. A. Myers,* for appellee.—Plaintiff was guilty of contributory negligence: Del. L. & W. R. R. Co. v. Cadow, 120 Pa. 559; Butler v. Gettysburg R. R., 126 Pa. 160; Barnes v. Sowden, 119 Pa. 53; Johnson v. Wilcox, 135 Pa. 217; Buzby v. Phila. Trac. Co., 126 Pa. 561; Monongahela City v. Fischer, 111 Pa. 9; Bloomsburg Steam Co. v. Gardner, 126 Pa. 90. There was no negligence on part of defendant: Stager v. Ridge Ave. Pass. R. R., 119 Pa. 70; Hayman v. Penna. R. R., 118 Pa. 508. The evidence as to the gate was properly stricken out, as it did not appear at what time the gate was erected: Hayman v. Pa. R. R., 118 Pa. 509.

Per Curiam, November 7, 1892.
Judgment affirmed.