OSCAR SWANSON v. WALTER D. BOUTELL and Another.[1]

June 9, 1905.

Nos. 14,289—(82).

**Contributory Negligence.**

    The evidence is not sufficient to prove negligence on the part of appellants, and conclusively establishes contributory negligence on the part of respondent.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From a judgment entered pursuant to the verdict, defendants appealed. Reversed and judgment ordered for defendants.

*Koon, Whelan & Bennett,* for appellants.

*Gjertsen & Lund,* for respondent.

LEWIS, J.

Defendants were the owners of a furniture store in Minneapolis, fronting on Fifth avenue south, with a side entrance on Fifth street.

---

[1] Reported in 103 N. W. 886.

The building was one hundred fifty feet deep, and ran back to an alley. A platform about three feet high was constructed along the rear of the building, and was used for loading goods upon wagons. There were no steps leading up to this platform, nor was it used as an entrance to the store from the street or alley. From the platform a large sliding door opened into a freight elevator, which opened into the main room of the first floor of the store by means of large double doors swinging on hinges. The elevator was used to carry goods up and down to the different floors, was about eight feet square, inclosed in an elevator shaft, and the only openings in it on the first floor were the doors mentioned. The floor of the elevator, when even with the outside platform, was two feet higher than the floor of the store room. The elevator was in charge of a man, who operated it as occasion required. The outside sliding door opening on the platform was four feet nine inches wide, and nine feet four and a half inches high, and the inside double doors, opening from the front of the elevator into the store, were eight feet high and three feet wide, and closed by an ordinary door knob, with a strong catch on the left-hand door, and also by a Yale spring lock on the same door, a little above the other, which could not be opened from the store side of the elevator except by a key kept in the lock and attached to the store side of the door by a small chain. The first floor of the building was a single large room, fourteen feet high, the First avenue and Fifth street sides thereof being mainly of glass, so that the room was well lighted.

December 10, 1903, plaintiff was in the employ of the Minneapolis Furniture Company as teamster, and was sent to defendants' store to get a folding bed. His own account of what occurred is substantially as follows: He drove up to the building on Fifth street, leaving his team in the street near the alley, got up on the platform, and asked a man working there where he could find the stockman, and was told to follow him. The man opened the outside door and led him into a little room, and then opened a door into the store, where he found the stockman. Plaintiff gave him the order for the folding bed, and the stockman said he would go and get it, and for him to get his team in readiness. Plaintiff said he then started back through the same door by which he entered the store, and, finding it closed, opened it by turning the knob, and walked in; that it was dark, and he stepped into the

elevator shaft, falling some distance, and sustaining the injuries complained of. Negligence of defendants is predicated upon the fact that plaintiff, not being familiar with the location, was led into the store through an elevator without his knowledge; that he was not notified of the danger, and, by leaving the elevator door unlocked, defendants laid a trap for him. A verdict was returned for plaintiff, and defendants moved for judgment notwithstanding, and appeal from an order denying the motion.

It must be admitted that defendants had used all reasonable precaution in their method of constructing and guarding the elevator by means of doors with a latch and spring lock. The building was adapted to the handling of freight of a bulky character, and the elevator was of large dimensions, with doors opening on the different floors and upon the platform at the rear, where freight was loaded upon wagons. To make such an elevator of service in the business, it was necessary to open the doors as occasion required. A man was provided to operate the elevator, whose duty it was to see that the doors were closed, and the spring lock on the inside was for that purpose. It was conclusively proven that it was the practice to keep the door locked, and that any one having occasion to open the elevator door from the store side had to resort to the key, which was left in the lock for that purpose. In addition to this, on the elevator doors were large letters: "Elevator—Keep Out." Under such circumstances, the mere failure upon this occasion of the spring lock to catch, or of the operator to spring it upon removing the elevator, did not constitute negligence. Plaintiff was not directed to the elevator when leaving the store, the elevator door was not open as though inviting him to enter, the operator who had conducted him in was not there, and the door was closed. Plaintiff might easily have gone out the side door. . The sign on the elevator door was in plain view, and, if he assumed that he would find things in the same condition as when he came through into the store, the conclusion is inevitable that he was acting heedlessly and without any regard to his surroundings. If he knew the elevator was there, then he had no right whatever to assume that it would be in the same position as when he entered. The case of Lyons v. Dee, 88 Minn. 490, 93 N. W. 899, is not in point. In that case the person injured was the boy in charge of the elevator, and he was justified in assuming that the ele-

vator would remain, for the few moments he was absent, in the same position in which he left it, not being notified of the fact that it was the custom of the house for the guests to take the elevator wherever they found it and use it for their own purposes.

Plaintiff insists he did not know there was an elevator there; that he was taken into the building from the back platform, and supposed he passed through a small room, and assumed that it would be perfectly safe to go out the same way. Here was a young man twenty years old, who spoke and understood the English language, and was possessed of ordinary intelligence; had been employed in and about Minneapolis for about two years, and for nearly two months had been a teamster, delivering furniture; admitted that he had been in buildings of this character, knew elevators, and had ridden in them. On this occasion, when he arrived at defendants' store, he left his team near the alley, climbed on the back platform, knew that the bed he was sent for would be delivered to him at that point, and the man he addressed opened the large sliding door four and a half feet wide, then stepped down two feet from the platform into a small inclosure with doors opening into the store. Again, when he had completed his business with the stockman and returned, he found the elevator door closed, and on it a large sign of warning. It will not do to say that under such circumstances a man may close his eyes, or, if his eyes are open, may not see. We attach no importance to the fact that the man he spoke to on the rear platform took a short way into the store and conducted plaintiff through the elevator. It was but a natural thing to do, considering that plaintiff was after goods to be delivered by means of the elevator. Such act did not constitute a license to use that passage as an exit without regard to his personal safety.

Our conclusion is that plaintiff either knew the character of the location and walked blindly into the shaft, or, if he did not know, then in failing to take notice of the surroundings, which would have been apparent upon the most casual observations, he failed to exercise that degree of care which has been adopted as the test in such cases.

Judgment reversed and judgment ordered for defendants.