ANDREW J. GARDNER v. WATERLOO CREAM SEPARATOR COMPANY, Appellant.

**Negligence:** ELEVATOR ACCIDENT: PROXIMATE CAUSE. It is the duty of the owner of premises to protect those who enter the building, through a door allowed to be used for that purpose, from the danger of falling into an elevator shaft in close proximity to the entrance, either by suitable barrier or by giving warning of the danger. In the instant case failure to guard the shaft or give the warning is held to have been the proximate cause of plaintiff's injury, rather than the failure of one previously entering the door to fasten the same.

**Same:** CONTRIBUTORY NEGLIGENCE. Persons rightfully entering a building may assume that reasonable precautions have been taken for their safety, and are not required to especially look for dangers the existence of which imply negligence on the part of the owner; and the question of contributory negligence of one falling into an unguarded elevator shaft on rightfully entering a building is held, under the circumstances, to be for the jury.

**Negligence:** UNGUARDED ELEVATOR SHAFT. The fact that the owner of premises containing an elevator has occupied and controlled the same but a short time, is no excuse in law for his failure to give notice of the danger or to properly guard the elevator shaft for the protection of one who goes upon the premises at his invitation, and who at the time is in the exercise of ordinary care.

**Exclusion of evidence:** HARMLESS ERROR. Refusal to permit evidence which is a mere conclusion of the witness with reference to facts to which he has already testified is not erroneous.

*Appeal from Blackhawk District Court.*— HON. A. S. BLAIR, Judge.

TUESDAY, APRIL 2, 1907.

ACTION to recover damages for personal injuries resulting from falling down an open elevator shaft on defendant's premises.   Verdict and judgment for the plaintiff. Defendant appeals.— *Affirmed.*

*Courtright & Arbuckle,* for appellant.

*Reed & Tuthill,* for appellee.

McCLAIN, J.— The premises on which the accident occurred had been occupied by the defendant for about ten days, and were being put in order for use as a manufacturing establishment, when plaintiff, in the employ of a lumber company, brought to the premises in a sleigh two sash which had been ordered by defendant.   Plaintiff drove along the railroad track beside which defendant's building stood, crossed a platform provided for convenience in loading cars from the building, and approached a sliding door furnishing access to the platform from the building.   This door had no handle or other means of opening it from the outside, but was provided on the inside with a hook for a fastening. It had been used several times during the day before plaintiff approached it as a means of ingress to the building, and plaintiff found it unfastened and pushed it open, and, on stepping inside and closing it after him, fell into an unguarded elevator shaft which was within eighteen or twenty inches of the inside of the door, receiving the injuries for which he asks damages.

The contention with reference to the facts on which it is claimed for appellant that there was no negligence on its part, and contributory negligence on the part of plaintiff, is that the door used by plaintiff was not the usual and proper method of entering the building, that the door itself furnished a sufficient guard or protection for the entrance to the elevator shaft, and that plaintiff in the exercise of ordinary care could have seen the opening and avoided the in-

jury. The evidence tended to show, however, that other persons had entered the building over the platform, and through the door by which plaintiff entered, during that day and on preceding days, and that the entrance to the premises from the street on the opposite side was blocked by snow. It also appeared that other persons had been in the habit of driving along the railroad track, which was suitable for use as a driveway, and entering the building across the platform.

I. The door through which plaintiff entered had been left unhooked by a person who had been admitted to the building through this same door a few minutes before plaintiff entered, and the first contention for appellant is that as this door furnished the guard for the entrance to the elevator, and access to the open shaft by the plaintiff was due to the negligent act of a third person, such act, and not the negligence of the defendant in failing to protect the elevator shaft or warn the plaintiff of the danger, was the proximate cause of the injury to plaintiff, and therefore that defendant is not liable. But we think that a door which is allowed to be used for access to a building does not constitute a sufficient guard for an elevator shaft situated eighteen inches from such door, and that the defendant owed to those who came in through the door the duty of protecting them against the danger of falling into the shaft, either by a barrier provided at the entrance to such shaft, or by warning given of the danger, and that the act of the person who entered the door preceding the entrance by plaintiff was not the proximate cause of plaintiff's injury.

1. NEGLIGENCE: elevator accident: proximate cause.

It appears that the person who entered preceding plaintiff had been taken up the elevator by an officer of the company, in charge of the building, who took no precaution to see that the door was left hooked, and that an employé of the defendant standing near by and charged with a duty in reference to the safety of persons approaching the elevator shaft saw plaintiff enter the door and gave him no warn-

ing as to the shaft.   Under these circumstances it is clear that the proximate cause of the injury to plaintiff was not the act of a third person in leaving the door unhooked, but the negligence of the defendant in not furnishing a sufficient barrier or giving proper warning.  The case of *Cole v. German Savings and Loan Society,* 124 Fed. 113 (59 C. C. A. 593, 63 L. R. A. 416), is not in point, for there the owner of the premises had provided a sufficient gate at the elevator opening, and this gate was opened for the plaintiff by a stranger supposed by plaintiff to be the elevator boy, but for whose conduct the owner was in no way responsible. Counsel for appellant also rely on the case of *Parmenter v. Marion,* 113 Iowa, 297, where the negligent act of the owner of premises abutting on a street in throwing a bale of hay from a platform projecting over the street was held to be the proximate cause of an injury, and that the city was not liable on account of allowing the platform to be improperly maintained in the street.   In that case the efficient cause of the injury was held to be the act of the owner of the premises in throwing down the bale of hay, and the improper maintenance of the platform in the street only the condition under which the injury resulted.   We cannot see that there is any essential similarity between the case cited and the one before us.   It is to be noticed here that the negligence of defendant consisted in allowing the elevator shaft to be unguarded in such close proximity to a door through which plaintiff was invited to enter that it was dangerous to plaintiff to enter at such door.   This negligence of the defendant was the real occasion of the injury to plaintiff, and the court committed no error in instructing the jury that it was no valid excuse for defendant that the third person may have opened and left unlatched the door through which plaintiff entered the building.

II.   The lower court overruled a motion of defendant to direct a verdict in its favor on the ground that it affirmatively appeared from the evidence that the proximate cause

of plaintiff's injury was his own negligence, and this ruling

2. SAME: con-      is assigned as error.  But we think it was
tributory neg-
ligence.        properly left to the jury to say whether there
was negligence on the part of the plaintiff contributing to his
injury, in view of the circumstances under which he fell
into the elevator shaft.  He had a right to assume, in open-
ing the door through which he entered and in turning to
close it after him, that he would be protected by barrier or
warning against any danger immediately incident to his
entrance through such door.  It was certainly not conclu-
sively negligence in him to turn after entering the door and
close it behind him for the purpose of proceeding about the
business for which he had been invited to come upon the
premises.  He was not bound to stop and look for danger,
and, while it was his duty to use his faculty of sight as
reasonably careful persons ordinarily do in going about
their business, he was not bound to take any special precau-
tions for his safety at this place.  The cases relied upon by
counsel for appellant are those in which it is said that one
going into places not intended for the general use of per-
sons invited to enter a building for business purposes must
take precautions against dangers from stairways, openings,
or obstructions.  See *Bedell v. Berkey,* 76 Mich. 435 (43
N. W. 308, 15 Am. St. Rep. 370); *Hutchins v. Priestly
Wagon, etc., Co.,* 61 Mich. 252 (28 N. W. 85); *Johnson
v. Ramberg,* 49 Minn. 341 (51 N. W. 1043); *Gaffney v.
Brown,* 150 Mass. 479 (23 N. E. 233); *Massey v. Seller,*
45 Or. 267 (77 Pac. 397).  But, on the other hand, it is
well settled that persons rightfully in a building may go
about for the purpose for which they have been invited to
enter, assuming that reasonable precautions have been taken
for their safety, and are not bound to especially look for
dangers the existence of which would imply negligence on
the part of the owner.  *Tousey v. Roberts,* 114 N. Y. 312
(21 N. E. 399, 11 Am. St. Rep. 655); *Engel v. Smith,*
82 Mich. 1 (46 N. W. 21, 21 Am. St. Rep. 549); *Pelton*

*v. Schmidt,* 104 Mich. 345 (62 N. W. 552, 53 Am. St. Rep. 462); *Hendricken v. Meadows,* 154 Mass. 599 (28 N. E. 1054); *Brosnan v. Sweetser,* 127 Ind. 1 (26 N. E. 555); *People's Bank, v. Morgolofski,* 75 Md. 432 (23 Atl. 1027, 32 Am. St. Rep. 403). The court did not err therefore in leaving it to the jury to say whether under the circumstances plaintiff was guilty of contributory negligence.

III. An instruction is complained of in which the jury were told that the fact of having occupied and controlled premises containing an elevator shaft for only a short time is no excuse in law for failure on the part of the occupant of the premises to properly guard such elevator shaft for the protection of one who goes upon said premises at his invitation and is using at the time the reasonable care of an ordinarily prudent man under such circumstances. It is said that there must be some time in the process of moving into and refitting a building prior to which the occupant is not to be held responsible for a defective elevator. But we think that the duty of the occupant of a building to have it reasonably safe for those who are invited to come there in connection with his business is a duty existing at the time when the invitation to enter the building is given. There is no evidence whatever that plaintiff or his employer was advised that it would be dangerous to bring the sash ordered into the building at the time when they were brought there. It is true that cards were posted on the outside of the building on which were the words: "Positively No Admittance. Keep Out." But it is not claimed that these cards were put there for the purpose of warning persons who were coming to the building on matters of business at the invitation of the defendant from entering. The injunction conveyed by the language of the cards did not purport to be based upon any danger involved on account of the building not being in condition for the usual transaction of business.

3. NEGLIGENCE: unguarded elevator shaft.

IV. Plaintiff testified as a witness in his own behalf,

and on cross examination was asked several questions as to whether if he had looked he could have seen the open eleva-

**4. EXCLUSION OF EVIDENCE: harmless error.** tor shaft, whether there were not posts at the corners of the elevator shaft, which if he had looked he could have seen, and whether or not there was light enough there so that if he had looked the building over he could have seen what there was on the inside of it. Objections to these questions were sustained, and these rulings are complained of. These questions called for the conclusions of the witness with reference to facts as to which he had fully testified, and under such circumstances we think his conclusions would have been incompetent. He had already said that he could have seen everything there was inside the building if he had looked, and that he did not remember seeing the posts referred to, and was not looking for them. There could have been no prejudicial error in the rulings even though the questions were not in themselves objectionable.

Finding no error in the record, the judgment of the trial court is *affirmed*.