Sarah E. McNaughton, Appellant, v. Illinois Central Railway Company.

**Railroads:** SAFETY OF PREMISES: STATIONS: NEGLIGENCE. A railway company is only held to an exercise of ordinary care in the safety of its stations, and failure to keep a door locked in a waiting room leading to the basement was not negligence, when the same was labeled " basement," the stairway well lighted and the passageway was necessary to the convenient use of the building; and a passenger intending to enter the toilet room, also labeled, who, in the daytime by mistake opened the basement door and was injured by falling down the stairs, has no right of recovery on the ground of negligence.

*Appeal from Blackhawk District Court.*— Hon. A. S. Blair, Judge.

Wednesday, November 13, 1907.

Action for damages resulted in a directed verdict and judgment thereon.    The plaintiff appeals.— *Affirmed.*

*J. T. Sullivan,* for appellant.

*W. J. Knight* and *Boies & Boies,* for appellee.

Ladd, J.—In the middle of the forenoon of May 29, 1902, plaintiff, with her husband, was on the way to defendant's depot at Waterloo for the purpose of taking a train

to Charles City. When near by her stocking became loosened, and, as the train was then on the track, she, by her husband's direction, entered the depot in order to go to the toilet room, while he procured the tickets. The plan of the building will aid in understanding the situation. (See page 179.)

She entered the door at A and immediately opened the one at B, and, supposing it to be the door to the toilet room, stepped in and fell to the bottom of the stairway to the basement. To reach the door, she made her way through a gathering of people by whom the word " basement " painted upon it was obscured, and entered sidewise. On the door of the toilet room was painted the appropriate designation, but this, as will appear from the annexed plan, was somewhat obscured from view by its location. As will be observed, there was a window to the space set apart for the basement stairway, so that it was well lighted, and no defect in the stairway is alleged. The contention of appellant is that the company was bound to anticipate that persons unfamiliar with the premises or in a hurry, as they are likely to be in taking a train, might unwittingly enter the basement door, as plaintiff did, under the erroneous supposition that it was a toilet room or the exit to some other apartment, and therefore that, in the exercise of due care, the door should have been kept locked. Leaving it unlocked, under the circumstances disclosed, is alleged to have been negligent.

In the maintenance of its station, ordinary care only was exacted of defendant. *Hiatt v. Railway,* 96 Iowa, 169; *Moreland v. Railway,* 141 Mass. 31 (6 N. E. 225). And, as the public is invited to the premises, this requires that they be kept free from traps and pitfalls such as are likely to cause injury to those having business with the company or persons attending them. *Montgomery & Eufaula Ry. Co. v. Thompson,* 77 Ala. 448 (54 Am. Rep. 72); *Matthieson v. Railway,* 125 Iowa, 90. But it can hardly be said that a closed door to the stairway down to a basement with door knob and catch constitutes a trap or pitfall. Every precau-

tion had been taken, save that of locking it, against its improper use. The heating apparatus was located in the basement, access to which was by this stairway, and leaving the door used by the employés fastened so as to open only upon turning the knob, though unlocked, especially in daylight, when any one upon opening it could plainly see the stairway, was not a negligent act. The company was not bound to anticipate that passengers will assume that every door from the room opens into a toilet, or that without the ordinary use of their senses they will precipitately open the doors therefrom and enter without thought as to where they lead. From such rooms usually there are several doors, and no one has the right to act unreservedly upon the belief that any door would be locked unless intended for some particular purpose. The fact that a door is there is a warning that it is the means of exit or of entrance from or to some other apartment, and a way up or down stairs, or to a baggage room, or to a closet; and no one has the right to assume, without knowledge, or its equivalent, the character of the place to which it affords access. The door was maintained in a way convenient for the employés in caring for the furnace, and not dangerous to the public. Appellant relies upon *Gardner v. Waterloo Cream Separator Co.,* 134 Iowa, 6, as controlling. There the door, fastened by an inside hook, was used in gaining access to the building, and the court said it did " not constitute a sufficient guard for an elevator shaft situated 18 inches from such door, and that the defendant owed to those who came in through the door the duty of protecting them either by a barrier provided at the entrance to such shaft or by warning given of the danger." The plaintiff entered, and, upon turning around to hook the door after him, fell in, and it was held that he had the right to assume this much could be done in safety. The distinction between such a case and one where persons who are invited for business purposes into a building are held to take precautions against dangers from stairways and the like is pointed out, and, on the other hand,

the right of persons who are invited upon the premises to assume that reasonable precautions have been taken for their protection, and that they need not be on the lookout for danger resulting from neglect, was expressly recognized. It is apparent that the decision is not in point, save as the general principles therein stated may be of assistance, for there, as the door was not a sufficient guard to the elevator shaft, the latter was entirely unguarded. Here the opening to the stairway was from the room, and, as we have seen, duly guarded as to all persons in the exercise of ordinary care. The case differs from *Jordan v. Railway,* 165 Mass. 346 (43 N. E. 111, 32 L. R. A. 101, 52 Am. St. Rep. 522), where one who entered a closet in feeling for a seat fell through a hole in the floor, and the court held that the existence of the dangerous hole in the floor constituted negligence.

The case nearest like it is *Toomey v. London, B. & S. C. R. Co.,* 3 C. B. (N. S.) 146. There a person went to the station at 10:30 p. m. to take a train, and inquiring of a stranger where he could find a urinal, was directed to go to the right. He did so, and found two doors, on one of which was painted the words " For Gentlemen," and on the other " Lamproom." In a hurry, and unable to read, he opened the wrong door, and fell down some steps. In delivering the opinion of the court, Williams, J., said: " All that appeared was that the plaintiff inquired of a stranger the way to the urinal, and, being told to go in a particular direction, where there were two doors, unfortunately opened the wrong one, and through his own carelessness fell down some steps. If there had been any evidence to show that these steps were more than ordinarily dangerous, that possibly might have led to a different conclusion. But all that appears is that the door in question led down some steps into a room which was used for the purposes of the company, and not for the convenience of the public. I cannot say that there was such evidence of negligence in the defendants as the learned judge

was bound to leave to the jury." And Willis, J., added: " There was nothing to show that the door and the steps beyond were more than ordinarily dangerous, and it was necessary and proper that something of the sort should be there for the convenient use of the station by the company. It would be difficult so. to arrange every part of a station as to render it impossible for careless people to meet with injury." See, as bearing somewhat upon the controversy, *Gaffney v. Brown*, 150 Mass. 479 (23 N. E. 233); *Sturgis v. Railway*, 72 Mich. 619 (40 N. W. 914); *Sweeny v. Barrett*, 151 Pa. 600 (25 Atl. 148); *Hutchins v. Priestly Express Wagon, etc., Co.*, 61 Mich, 252 (28 N. W. 85).

No negligence on the part of defendant having been proven, the verdict for defendant was rightly directed.— *Affirmed*.