# EUNICE SPECK v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

July 16, 1909.

Nos. 16,213, 16,212—(194, 195).

**Contributory Negligence.**

> Plaintiff, a passenger, who had previously been in defendant's station, by mistake opened a door, which was not marked as a place for use by passengers, and which led into a basement. Although it was daylight, she entered without looking where she was going and fell. It is *held* that she cannot recover damages suffered in consequence.

Two actions in the district court for Carlton county, one by a husband and the other by his wife, each to recover $1,999 for personal injuries received by the wife in falling down a stairway in a passenger depot at Superior, Wisconsin. The cases were tried before Cant, J., and a jury which found a verdict in favor of plaintiff Eunice Speck for $600 and in favor of Joseph T. Speck for $237.36. From an order denying defendant's motions for judgment notwithstanding the verdict or for a new trial, it appealed. Reversed and judgments for defendant ordered.

*Washburn, Bailey & Mitchell,* for appellant.

*John Jenswold, Jr.,* for respondents.

[1]Reported in 122 N. W. 497.

JAGGARD, J.

Plaintiffs are husband and wife. Two actions, brought to recover for injuries upon the person of plaintiff wife, were tried together. Plaintiff wife, a passenger upon defendant's train, alighted at a station in Superior, which for present purposes it will be assumed belonged to and was operated by defendant. A platform surrounded the depot. In the south end of the building was located a baggage room with two doors, one on the west side, towards the tracks, and the other opposite on the east side. Attached to each was a brass plate on which was inscribed the word "Baggage" in large black letters. The scene of the accident was beyond the baggage room, on the side away from the tracks, at a place where a door led to the basement. It was not labeled. Beyond this door, there were two doors, separated by a wall, which led into the waiting rooms. To each was attached a brass plate, on which was inscribed, respectively, the words "Men" and "Women," in large letters. There was testimony that the door, the scene of the accident, was like other doors of similar stations of the defendant railroad company. It was different from the baggage room door and from the waiting room doors. It was single; the baggage and waiting room doors were double. It was of wood; the waiting room doors were more than half glass. Each baggage room door among other things, had the usual brace of planks in the form of an X. All the doors had transoms.

Plaintiff wife, who for present purposes will be assumed to have been within the rights of a passenger, stood talking to a companion for a time at this door, with her suit case in her hand and with her other hand upon the latch of the single door, turned, and, without making any investigation as to where the door led to, opened it, walked into the opening, lost her balance, fell to the bottom of the basement, and was injured. The threshold in the door, like the other thresholds in the depot, was of red sandstone. It formed the first rise of the stairs and was seven inches high. There was no railing on the side of the stairs. There was no light in the basement, but the wall surrounding the space for the stairs was whitewashed. The door was sometimes locked and sometimes unlocked. The accident happened about 2 : 30 p. m. The plaintiff wife had passed through the station a number of times on her way to Duluth. She

was familiar with its general appearance. She had, at least once in the February preceding this accident, which occurred in November, passed through this station and purchased a ticket in the waiting room, to which she was attempting to go when she was hurt.

The jury returned a verdict for both plaintiffs. This appeal was taken from the order of the trial court denying defendant's motion for an order directing the entering of judgment for defendant notwithstanding the verdict or for a new trial.

The facts have been stated upon the assumption that all controversies except those pertaining to defendant's negligence and plaintiff's contributory negligence have been resolved in plaintiff's favor, inasmuch as the court is convinced that within the decisions on the subject the plaintiff wife cannot recover, and that therefore neither plaintiff can be awarded damages within the law.

According to some authorities, involving similar but not identical circumstances, defendant's negligence was not made out. Thus in McNaughton v. Illinois, 136 Iowa, 177, 178, 113 N. W. 844, plaintiff, a passenger, intending to enter a toilet, by mistake opened a basement door, and was injured by falling down stairs. These doors were respectively labeled "Basement" and "Toilet." Plaintiff's view of the label "Basement" was hidden by people who were gathered about. The designation of the toilet room was obstructed from view by its location. Ladd, J., said: "It can hardly be said that a closed door to the stairway down to a basement with door knob and catch constitutes a trap or pitfall. Every precaution had been taken, save that of locking it, against its improper use. * * * The company was not bound to anticipate that passengers will assume that every door from the room opens into a toilet, or that without the ordinary use of their senses they will precipitately open the doors therefrom and enter without thought as to where they lead. * * * The fact that a door is there is a warning that it is the means of exit or of entrance from or to some other apartment, and a way up or down stairs, or to a baggage room, or to a closet; and no one has the right to assume, without knowledge, or its equivalent, the character of the place to which it affords access." To the same effect, see Toomey v. Brighton, 3 C. B. (N. S.) 146; Sturgis v. Detroit, 72 Mich. 619, 40 N. W. 914; Sweeny v. Barrett, 151 Pa. St. 600, 25 Atl. 148.

Within the principle of other authorities, plaintiffs are unable to recover because of the wife's contributory negligence. In Gaffney v. Brown, 150 Mass. 479, 481, 23 N. E. 233, plaintiff entered a public dining room by a side door from the hall, and opened the door in the side of the apartment for the purpose of retiring therefrom. This door was not in any way indicated as a mode of egress. As in the case at bar, without paying any heed to her steps, she walked directly over a threshold and was thus precipitated down a flight of stairs leading to the cellar, to which the doorway directly leads. Devens, J., said: "If she thought it possible that the door which she opened might lead to the hall or entry, and be intended as a mode of egress, it was certainly her duty to look where she was stepping before she advanced across the threshold. She had no right to act unreservedly upon the belief that the door would necessarily be locked unless intended for egress. According to common knowledge and experience, her conduct in this respect was careless." To the same effect, see Wilkinson v. Fairrie, 9 Jur. (N. S.) 280, 1 Hurl. & C. 633; Hutchins v. Priestly, 61 Mich. 252, 28 N. W. 85.

In this state the authorities have held that plaintiff, under similar but not identical circumstances, could not recover. In Swanson v. Boutell, 95 Minn. 138, 103 N. W. 886, plaintiff, properly in a store, having completed his errand, started back, intending to go by the same door through which he had entered, found it closed, opened another door by mistake, walked into the elevator shaft, and was injured. See pages 139, 140, of 95 Minn., page 887 of 103 N. W. The evidence was held insufficient to show defendant's negligence and to conclusively establish contributory negligence. In Johnson v. Ramberg, 49 Minn. 341, 343, 51 N. W. 1043, plaintiff sought to enter a store, as it was assumed he had a license to do. He had never been there before. He crossed over to a door to pass through it into the store; but, meeting defendant, he stepped aside for him to pass. In so doing he stepped off the head of the stairs and fell. Dickinson, J., said: "The evidence shows conclusively, * * * that the room was so light that any one who looked about him would see the open stairway. The plaintiff admits that he could have seen it if he had looked, but that he did not look." The verdict was held not justifiable.

Plaintiff has cited us to a number of authorities which, while all in a measure distinguishable, as will appear in their summary following, as a whole tend to sustain his contention. In Pelton v. Schmidt, 104 Mich. 345, 62 N. W. 552, 53 Am. St. 462, the court distinguished between that case in which "one comes suddenly upon an unexpected opening in a passageway" from one in which a person walks directly forward into an opening which he could have seen for some distance. In Beard v. Connecticut, 48 Vt. 101, plaintiff, attempting to pass down stairs in the dark, fell to the ground. In Foren v. Rodick, 90 Me. 276, 38 Atl. 175, the entrances of a building in which plaintiff sought the services of a physician were held to be misleading and dangerous. Seeing a doctor's sign on a door, plaintiff opened it, stepped off the wall, and fell to the bottom of the cellar. This was held to have been a dangerous pitfall. In Hayward v. Merrill, 94 Ill. 349, 351, 34 Am. 229, plaintiff, a guest of a hotel, stepped through a door he had opened by mistake, stopped to light a match, fell into the basement, and was injured. In Clopp v. Mear, 134 Pa. St. 203, 19 Atl. 504, the entrances were alike externally as to size, shape, appearance, etc., and about equally fit, to any one not familiar with the premises wishing to enter the store. In Engel v. Smith, 82 Mich. 1, 6, 46 N. W. 21, 21 Am. St. 549, the court regarded the case as close and difficult, and pointed out that "the negligence of the defendants' employees was active." In Martin v. Great Northern, 16 C. B. 179, plaintiff was running to catch a train. In view of this fact it is not necessary to develop the criticism on that decision. The significance of Gordon v. Cummings, 152 Mass. 513, 25 N. E. 978, 9 L. R. A. 640, 23 Am. St. 846, is minimized by the previous decision in Gaffney v. Brown, supra, the facts of which much more closely resemble those here presented. Gardner v. Waterloo, 134 Iowa, 6, 111 N. W. 316, is distinguished in McNaughton v. Illinois Co., 136 Iowa, 177, 113 N. W. 844.

It is evident that no universal rule has been laid down by the decisions. In the nature of things such a rule would be almost impossible of correct formulation. In a measure each case must be determined by itself, in view of its own particular circumstances. Here defendant had done nothing actively to induce plaintiff wife to open this door or to mislead her. It had properly designated the

entrance to and exit from the waiting room. It had closed, but not locked, the entrance she used. An affirmative act on her part was the necessary occasion of her danger. The entrance to the basement and to the waiting room were unlike externally as to size, shape, and appearance, and did not appear equally fit to any one not familiar with the premises who wished to go into any of the places designed for the reception of passengers or the public. The door bore no resemblance to an unexpected opening in a way.

The plaintiff wife, a resident of Duluth, whose age was not stated, but who had been married seven years, was, it may be assumed, a mature woman, free from personal disabilities. She had limited knowledge of the depot. On this occasion she had gone by the unmistakable baggage room door and approached the doors to the waiting room, which were equally well marked. No circumstances distracted her attention or caused haste. She stopped at the door in question, which was plainly differentiated in appearance from the door of the waiting room into which she intended to go and bore no sign. The threshold of that door was a stone step above the level of the pavement on which she was standing. She opened the door by raising the latch. In broad daylight, without looking ahead, she fell into the open stairway. She failed to note that the door was not marked as a place for women or men, and to observe that the door did not resemble the doors marked as the places where passengers were to go in or to go out of the depot, through one of which she herself had previously passed into and out of the depot. She then walked ahead through the door, without looking where she was going, at a time and place where the most casual observation would have revealed to her the open space above the stairway. The slightest exercise of the sense of sight would have apprised her of the danger before she could have fallen. Under the circumstances, defendant as a matter of law was not liable in damages.

Judgments for defendant ordered.