## Illinois Central Railroad Company v. Sanderson.

(Decided March 23, 1917.)

### Appeal from Graves Circuit Court.

Carriers—Injury to Passenger—Contributory Negligence.—A passenger in a waiting room who rushes headlong through a partly-opened door leading to the basement below and is injured, is guilty of contributory negligence, as a matter of law, where the place is

unknown and so dark that he cannot see and he does not stop to determine whether it is safe to proceed.

ROBBINS & ROBBINS, TRABUE, DOOLAN & COX and R. V. FLETCHER for appellant.

STANFIELD & STANFIELD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is a personal injury action, in which plaintiff, C. J. Sanderson, recovered of the defendant, Illinois Central Railroad Company, a verdict and judgment for $1,000.00. The railroad company appeals.

The facts are as follows: The accident occurred at defendant's passenger depot in Mayfield. The white waiting-room is about thirty feet wide and forty feet long. The greater portion of the space on the east and west sides of the waiting-room is taken up with large windows. There is also a sash door on each side. The men's toilet is in the northeast corner of the building, while the ladies' rest room is in the northwest corner of the building. There is painted on the door leading from the waiting-room to the men's toilet the word "Men," and on the door leading from the waiting-room to the ladies' rest room the word "Ladies." The entrance to the ladies' toilet is from the private rest room. In the center of the room were rows of seats. The upper part of the door leading from the waiting-room to the train is of glass. On the east side of the waiting-room there is also another door leading to the depot grounds and the driveway used for carriages and automobiles.

The ticket office is in the southwest corner of the building, with windows opening into the waiting-room. To the right of the ticket window is a door marked "No Admittance." About five feet to the east of the ticket window is an unmarked door leading to the basement entrance. Through the opening at this door the floor of the waiting-room extends for a distance of about three feet, thus forming a platform or landing before the first step of the stairway leading into the basement is reached. The stairway consists of twelve steps, with a wall on one side and balusters on the other, and is used by the employes in going into the basement for the purpose of keeping fire in the furnace.

The accident occurred about 6:30 on the morning of October 7, 1915. Plaintiff, who lived a short distance from town, testifies that he hurried to the depot for the purpose of taking a passenger train to Paducah. Fearing that he might miss his train, he entered the waiting room on the west side and went immediately to the ticket window, where he purchased a ticket. He then took his collar and tie out of his pocket, thinking that he would put them on and wash his face in front of the mirror in the men's toilet room. The unmarked door to the east of the ticket window was standing open for a distance of four or five inches. Hurrying to this door, he pushed it open and stepped through the door on his right foot. On his next step he fell down the stairway to the concrete floor beneath and received the injuries of which he complains. He had never been into the basement before and had been in the building only three times prior to the accident. On cross-examination plaintiff testified that at the time of the accident he was thirty-eight years of age and was deputy sheriff of Graves county. He did not look around to ascertain, or inquire of anybody, where the toilet was. He just thought the door led to the toilet. Plaintiff further testified as follows:

"Q. How much open was that door? A. Four or five inches. Q. Well, you had to open it in order to get in? A. Yes, sir. Q. Before you entered, did you look to see where you was going? A. No, sir, I did not. Q. You thought you were going down into the toilet? A. Yes, sir. Q. After you got in there, could you see anything? A. No, sir. Q. Why couldn't you? A. It was dark in there."

In view of the conclusion of the court, the only question we deem it necessary to consider is whether the trial court should have sustained defendant's motion for a peremptory instruction. In support of his contention that the case should have gone to the jury, plaintiff makes the following argument: It was the duty of the company to use ordinary care to maintain not only its waiting-room in a reasonably safe condition, but all other parts of the building to which a passenger would ordinarily and naturally go. There was no warning on the door through which plaintiff passed that the door was not to be used by passengers. On the contrary, it was partly opened and plaintiff was impliedly invited to

use it. There being no light to indicate the presence of the stairway, the entrance to the basement constituted a regular pitfall and defendant was, therefore, negligent. In considering the questions, it must not be forgotten that a railroad company is not bound to make its depot absolutely safe and thereby guard against recklessness on the part of passengers. Here the company had provided a toilet for men and the door leading into the toilet room was plainly marked. Having done that, it also provided an entrance to the basement. Just beyond the door was a three-foot landing before the steps were reached. There was a wall on one side of the stairway and balusters on the other. Passing the question whether the company, which had provided a suitable toilet for men and indicated its location by a proper sign, was bound to anticipate that the entrance to the basement might be mistaken by passengers as the entrance to the toilet and was, therefore, under the duty to make the entrance to the basement reasonably safe for passengers, as well as the further question whether the entrance in question was reasonably safe, it remains to determine whether plaintiff exercised ordinary care for his own safety. The mere fact that the door was there and partly opened was not sufficient to justify plaintiff in assuming that the door led to the toilet. In view of the necessity for doors for other purposes, plaintiff should have anticipated that the door in question might lead to a place other than the toilet room. Plaintiff admits that he did not look where he was going. He further says that after he got through the door it was so dark he could not see. Notwithstanding this fact, he hurried through the door, stepped across the platform and fell down the stairs. To bolt headlong into a place that is unknown and so dark that one cannot see without stopping to determine whether it is safe to proceed is an act of recklessness about which reasonable minds could not well differ. That being true, the trial court should have held, as a matter of law, that plaintiff was guilty of contributory negligence, and have directed a verdict in favor of defendant. Speck v. Northern P. R. Co., 108 Minn. 435, 122 N. W. 497, 24 L. R. A. (N. S.) 249; McNaughton v. I. C. R. R. Co., 136 Iowa 177, 113 N. W. 844.

Judgment reversed and cause remanded for a new trial consistent with this opinion.

Judge Thomas not sitting.