## EMILIE HAASE DEHN v. A. L. BUCK.[1]

### December 18, 1925.

### No. 25,020.

**Plaintiff guilty of negligence in entering wrong door.**

Verdict properly directed for defendant in an action for personal injuries where plaintiff, while lawfully on the premises of the defendant and seeking to enter a door leading upstairs, entered instead an adjoining door opening down stairs and thereby sustained a fall. There was no negligence on the part of defendant, and, if there was, plaintiff herself must be *held* contributorily negligent as a matter of law.

See Negligence, 29 C. J. pp. 454, 515, 627.

---

See notes in 24 L. R. A. (N. S.) 246; L. R. A. 1917D, 892. 20 R. C. L. 112; 3 R. C. L. Supp. 1030; 4 R. C. L. Supp. 1336. Also see note in 20 A. L. R. 1152.

Action in the district court for Le Sueur county to recover for personal injuries. The case was tried before Tifft, J., who directed a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*W. A. Anderson* and *A. F. Scheid*, for appellant.

*H. G. Dressel* and *Moonan & Moonan*, for respondent.

STONE, J.

Action for personal injuries wherein, after a directed verdict for defendant, plaintiff appeals from the order denying her motion for a new trial. The accident occurred at Waterville, Minnesota, in a two-story building owned by defendant. The lower floor is used as a theater and the upper story is given over to apartments. In front of the theater is a lobby or recessed entrance opening directly from the street and extending almost the full width of the building. Across the left end of the lobby, as one enters from the street, are

[1]Reported in 206 N. W. 435.

two doors side by side. The one on the right opens directly upon the stairway to the second floor; the one on the left to the basement stairway. The stairway to the second floor is broken about half way up by a landing and the upper run of stairs leads from this landing upward over the top of the basement door just referred to. That is, viewed from any point in the lobby, it is perfectly obvious which is the basement door or at least that the one to the left *cannot* lead upstairs. There is a transom over the entrance to the second floor stairway, but none over that to the basement. The threshold of the former is flush with the floor of the lobby, while the threshold of the latter is something like 14 inches above that floor. That is, in order to enter the basement door it is necessary to step up about a foot.

The accident occurred in the evening, but at a time when, according to the evidence for plaintiff, the lobby was fairly well lighted by a "white way" street light just outside the building. She was about to visit a friend who lived in one of the upstairs apartments. She had been there before and knew how to get upstairs. The basement door was open and the other closed. Absent-mindedly she stepped into the former and fell as she was attempting to turn on an electric switch which she knew was at the foot of the second story stairway. Her story is this: "Yes, it was dark and I happened to go to that door and as I went in I tried to open the door and it was opened, and I tried to turn on the button to the light, knowing that there was an electric button there and as I stepped in I fell forward down to the basement."

We find in the case no evidence of negligence on the part of defendant. The owners of such premises are not required as a matter of due care to safeguard them so as to prevent at all hazards injuries to persons so oblivious of their surroundings as plaintiff must have been. But, if we assume negligence on the part of defendant, it is still impossible to absolve plaintiff from contributory negligence as a matter of law. "It was certainly her duty to look where she was stepping before she advanced across the threshold." Gaffney v. Brown, 150 Mass. 479, 23 N. E. 233. She didn't look.

On her own testimony, she just "happened" to enter the wrong door. The premises were safe for one in the exercise of due care and an affirmative negligent act on the part of plaintiff "was the necessary occasion of her danger." Speck v. N. P. Ry. Co. 108 Minn. 435, 122 N. W. 497, 24 L. R. A. (N. S.) 249, 17 Ann. Cas. 460. We consider that case controlling. The question was so thoroughly examined there and the authorities gone into at such length that extended discussion is uncalled for here.

Plaintiff relies on Gordon v. Cummings, 152 Mass. 513, 25 N. E. 978, 9 L. R. A. 640, 23 Am. St. 846, and Downing v. Merchants' Nat. Bank, 192 Iowa, 1250, 184 N. W. 722, 20 A. L. R. 1138. Both are clearly distinguishable. The plaintiff in Gordon v. Cummings was a mail carrier injured by falling into an unguarded elevator shaft in a dark entry. He moved with care, "feeling his way," his effort being to "ascertain when he stepped upon the threshold that he was in the right entrance." It is plain that plaintiff here did not come anywhere near exercising that or any degree of care. Reasonable minds in a judicial attitude should not differ concerning that. The situation in Downing v. Merchants' Nat. Bank is clearly shown by the photographs and diagrams reproduced in the opinion. Decision was expressly put upon the ground (McNaughton v. Illinois Cent. R. Co. 136 Iowa, 177, 13 N. W. 844, being so distinguished), that the door through which plaintiff fell supposing it to be the main entrance to the bank, "was so located that, when open, as the evidence tends to show it was when the accident happened, it was the apparent way provided" for the entrance of customers. In other words, under the peculiar circumstances of that case, the open basement door, appearing as it did to be the main entrance to the bank, was in fact a pitfall.

Nothing of that kind can be said here, for the merest inspection of the two doors involved would have indicated which led upstairs and which down. In McNaughton v. Illinois Cent. R. Co. the supreme court of Iowa held the defendant not liable where a passenger in its depot, intending to enter a toilet, opened a basement door by mistake and fell downstairs. Interesting though not con-

trolling is Johnson v. Ramberg, 49 Minn. 341, 51 N. W. 1043. Here·
as there "such ordinary conveniences as a cellar stairway might be
expected" and visitors "should exercise some care to avoid such
things when they were plainly to be seen."

Order affirmed.

Wilson, C. J., and Holt, J. (concurring.)
We concur in the conclusion that defendant was not negligent.