(109 App. Div. 560.)

DARRAGH v. ROWE et al.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—CROSS-COMPLAINT—RELIEF AGAINST CODEFENDANTS.

Where plaintiff in a suit to follow alleged trust funds into land brings in as defendants all parties in interest, including a vendee of the land, alleging that such vendee claims an interest in the premises, the vendee may set up his equities as a bona fide purchaser and ask for affirma-

tive relief against his codefendants, without asking for relief against plaintiff, other than that his equities be declared superior to plaintiff's.

2. ELECTION OF REMEDIES—INCONSISTENCY OF ALTERNATIVE REMEDIES.

Plaintiff's mother died intestate, seised of certain land. After her death her husband, plaintiff's stepfather, placed on record a forged deed, purporting to have been executed by plaintiff's mother in her lifetime, conveying such land to her husband. He then sold the land and invested the proceeds in another piece of land. *Held*, that plaintiff could not have the forged deed set aside, and the title to the land of which his mother died seised adjudged to be in him, and at the same time trace the proceeds of the sale of such land into the land purchased by his stepfather, and have a lien declared on it.

3. TRUSTS—CONSTRUCTION TRUSTS—FOLLOWING TRUST PROPERTY.

Where a forged deed to land of which an intestate died seised was made and recorded, and the grantee in the forged deed sold and conveyed the land to another, investing the proceeds of the sale in other land, an heir of the intestate could follow the land of which the intestate died seised, as the title thereto was never devested from its rightful owner by the forged deed, but could not follow the proceeds of the sale of such land into the land purchased with such proceeds.

4. PLEADING—DEMURRER TO ANSWER—RELATION BACK TO COMPLAINT.

A demurrer to an answer to a complaint which states no cause of action is bad.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 541, 542, 544½.]

Appeal from. Special Term, New York County.

Action by James Darragh against Margaret R. Rowe and others. From a judgment overruling a demurrer to the separate answer of defendant Henry M. Goldberg, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

J. Wilson Bryant, for appellant.
Julius H. Cohn, for respondent.

CLARKE, J. The complaint alleges that Mary J. Stothers, the mother of the plaintiff, was seised in fee simple and was the lawful owner of a certain piece of property in the borough of the Bronx, on 150th street, and also another parcel situated on 142d street; that said Mary J. Stothers died intestate February 10, 1902; that John Stothers, the husband of said Mary J. Stothers, and the stepfather of plaintiff, died December 13, 1904, leaving a last will and testament, under which letters testamentary were issued to the defendants Margaret and Louise Rowe his daughters; that after the death of Mary J. Stothers, and on February 26, 1902, there was recorded in the register's office, what purported to be a deed from Mary J. Stothers to John Stothers, bearing date April 4, 1890, purporting to have been acknowledged on April 4, 1890, conveying the said premises; that the said Mary J. Stothers did not make, sign, or deliver said alleged deed, and no consideration was paid therefor; that Mary J. Stothers did convey by deed of March 16, 1898, the property on 150th street, but never conveyed the property on 142d street, and died seised and possessed of the same; that plaintiff is justly entitled to his share of said premises as an heir at law of said Mary J. Stothers, his mother; that defendant Williams claims to have purchased said premises from

John Stothers in November 1902, but that said Williams' claim is subject to the rights of plaintiff and subordinate thereto; that the moneys received by said John Stothers from said Williams was used to purchase the premises bought by said John Stothers from Harvey J. Conkey, from whom he received a deed dated and recorded May 21, 1903, to a piece of property on 143d street; that said John Stothers, at the time he invested said fund in said lot, knew that he was dealing with the money belonging to Mary J. Stothers, deceased, and such instrument was made for the use and benefit of the said Mary J. Stothers and her heirs, and the plaintiff, as such heir, is entitled to his share thereof and has an interest and property right in said premises by reason of said investment; that defendant Goldberg claims an interest in such last-mentioned premises by reason of an assignment of a contract for the sale of the same made by John Stothers with one May Shiff, who has assigned same to said defendant, but such interest and claim of the defendant Goldberg is subordinate to the rights and interest of the plaintiff—and demanded that the alleged deed, dated April 4, 1890, recorded February 26, 1902, be decreed null and void, and be canceled; that Mary J. Stothers be adjudged to have died seised of the premises in 142d street; that plaintiff, as heir at law, be entitled to the premises in question and reinvested with the title in fee simple absolute; that it be adjudged that John Stothers invested the proceeds of said premises in the lot in 143d street for the benefit of Mary J. Stothers; that he holds the same in trust for plaintiff; and that the said title to said lot be impressed with a trust accordingly for the benefit of the plaintiff. In short, he asks that the alleged bogus deed be set aside, and the conveyance under it, and he be reinvested with the title to the 142d street lot, and also that the proceeds of the lot be followed into the 143d street lot, and a trust therefor impressed thereon.

The defendant Goldberg answered as a separate defense, and also as a partial defense, and also by way of counterclaim and affirmative relief he alleged that on the 20th of October, 1904, John Stothers was the owner in fee simple and held the legal title of the premises described in the 8th paragraph of the complaint—that is, the premises on 143d street purchased from Conkey May 21, 1903—and was in the actual possession thereof; that May Shiff believed said Stothers to be the owner at law and in equity of said premises, and on said day agreed with him in writing for the purchase thereof for $4,000, and paid him $250 as part of the purchase price, and thereafter for a valuable consideration assigned the said contract to this defendant; that said May Shiff was an innocent purchaser, and in good faith and for valuable consideration entered into said contract with Stothers, and defendant likewise was an innocent purchaser of the assignment thereof, and without any knowledge, express or implied, of any of the facts recited in the complaint, and without any knowledge of the source of the funds or money with which Stothers had purchased the premises; that both said Shiff and defendant paid the $250 in good faith and incurred damages and expenses in the examination of the title, and are ready and willing to complete the purchase and pay the balance of the price; that defendant is the true owner in equity of the

said premises; and that his rights and equities are superior and paramount to those of the plaintiff. For a further separate defense and counterclaim against the plaintiff and the defendant's codefendants Rowe, individually and as executrices of Stothers, the defendant repeats the foregoing allegations and continues: That on the day set for closing the title, December 2, 1904, he attended at the place for closing the same, ready to and did offer to comply with the contract, and duly tendered the balance of the purchase price, and that said Stothers refused to perform; that thereafter, and on December 13, 1904, said Stothers died, leaving a last will and testament, which was duly probated, and said defendants Rowe were appointed executrices, with full power of sale; that by said will said Stothers gave, devised, and bequeathed all of his property, real, personal, and mixed, to the defendants Rowe equally; that the defendant has always been ready to perform and has offered so to do, but said defendants Rowe, though demanded, have on their part refused to perform; that the residue of said purchase money has been ready and unproductive since December 2, 1904, and defendant has suffered damage in the loss of interest and income; that the real value of said premises on the 2d of December, 1904, was, and now is, about $2,500 in excess of the purchase price as fixed, and the defendant could have since resold for an amount of $2,000 in excess, and has been damaged in the sum of $2,500 by the refusal of John Stothers, his heirs and executrices, to complete said contract of purchase and sale, and has been further damaged in that he has incurred liabilities and expense in searching the title. Defendant demanded judgment dismissing the complaint as against him and that the ultimate rights of the defendants as between themselves be determined; that the defendants Rowe, or any other party to this action adjudged to have the ownership of the premises, be required to specifically perform the contract of sale, or, if such relief cannot be had, that this defendant be adjudged to have an equitable lien upon the said premises superior to the lien or equity of any other party to this action for his payments, expenses, and damages aforesaid, including the value of this contract; or that, if no equitable relief can be had, he have a money judgment against the defendants Rowe, and such other relief as may be just and equitable.

The plaintiff demurred to the several affirmative defenses interpose as counterclaims. The demurrer was overruled, and from the interlocutory judgment entered thereon plaintiff appeals.

The plaintiff having made Goldberg a party defendant and having alleged that he "claims an interest in the premises," Goldberg had the right to set up the facts upon which his claim was based, and, as all the parties in interest were before the court, to ask for affirmative relief. It is conceded that so far as the defendants Rowe are concerned the answer is good. Plaintiffs claims that, as he claims title as heir through his mother, he is not concerned or answerable for any of the acts of John Stothers, his stepfather, through whom Goldberg gets his claim. The difficulty is that the property on 143d street, upon which Goldberg asserts a claim, was never the property of Mrs. Stothers, plaintiff's mother. It was bought by John Stothers

upwards of a year after Mrs. Stothers' death. The claim of plaintiff is that he can trace into this property the money obtained by John Stothers from the fraudulent sale of the 142d street property in November, 1902, which property did belong to his mother.

There are two answers to the demurrer: First. He asks in the same complaint to have set aside the deed to Williams of the 142d street property, and to have the title adjudged to be in him, and at the same time to trace the proceeds of that sale into the 143d street lot, and have his lien declared on that; that is, to eat his cake and have it, too. If he should succeed in having the sale set aside, how could he pursue the proceeds as well? Second. If this were an action brought by Goldberg, inasmuch as the plaintiff asserts a claim to this property, it would be entirely proper to make him a party defendant, and so, Goldberg having been made a party defendant, it is entirely proper for him to set up the nature of his claim. He asks no judgment against plaintiff. All that he asks is that his equities be declared as superior to his. The plaintiff having chosen to bring an equitable action, it was quite proper that all the parties interested and who would be affected by the judgment should be brought in, and, being brought in, that the exact nature of their respective claims should be set forth, although no substantial recovery could be obtained either for or against them. It is not essential in such a case that all the parties should be interested in the same way or affected alike by the judgment demanded.

There is another ground for sustaining the demurrer, which seems to be conclusive. The complaint states no cause of equitable action as against Goldberg. His claim is through John Stothers, who held the legal title to the 143d street property, and with whom Goldberg's assignor made the contract to purchase. Plaintiff's claim is as heir of his mother upon the ground that the deed which puported to convey her 142d street property was fraudulent. If so, she died seised of that property, and the grantee under said fraudulent deed never acquired title, as the plaintiff himself alleges in his complaint, and the plaintiff can follow the land, as, too, he attempts to do in this complaint. Said the Court of Appeals in Marden v. Dorthy, 160 N. Y., at page 56, 54 N. E. 731:

"It is equally impossible for any one to become a bona fide purchaser of real estate, or a purchaser at all, from one who never had any title. It is equally impossible to construct an estoppel against the real owner upon a forged instrument placed upon record without authority of any one. Void things are no things. * * * It has always been supposed that real property could not be the subject of larceny, but this is evidently a mistake if it be true that the false papers * * * are to be given such legal effect as to divest the plaintiff of his real property and convey it to the defendants."

In the same case Judge Haight said:

"The recording act, as I understand the authorities, never was intended to be a protection to innocent purchasers against theft, forgery, fraud, or duress."

I do not understand that it has ever been held that the proceeds of land, the legal title to which has never been divested from the true owner, and which may be recovered by ejectment, may be followed. When the land cannot be followed, for the reason that a title, not void

but merely voidable, has passed into the hands of a bona fide purchaser for value, the proceeds may be followed into the hands of the fraudulent grantee or those who stand in no better position. Under the allegations of this complaint, taken to be true upon demurrer, the title never passed from Mrs. Stothers, her alleged deed was bogus, John Stothers never acquired title, and he could not convey to Williams. If that be so, no cause of action is stated against Goldberg, and so plaintiff's demurrer to his answer is bad.

The judgment is affirmed, with costs, with leave to plaintiff to reply, upon complying with the terms imposed below and the payment of the costs in this court within 10 days. All concur.

(110 App. Div. 218; 48 Misc. Rep. 177)