ROBINSON v. CRIMMINS.

(Supreme Court, Appellate Division, First Department. June 14, 1907.)

1. LANDLORD AND TENANT—PREMISES—DUTY TO LIGHT HALLWAYS.

In the absence of a statutory requirement, no duty devolves upon a landlord to light the hallways of a tenement, even though he retains control over them.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 669, 671.]

2. TRIAL—INSTRUCTIONS—APPLICABILITY TO ISSUES.
.In an action for injuries caused by stepping off a stairway leading from a dark hallway in a tenement, it was error for the court in charging the jury to read to them an entire section of a statute relating to the lighting of tenement hallways, part of which was inapplicable to the case because relating to tenements erected after the passage of the act.

3. SAME.
In an action for injuries caused by stepping off a stairway leading from a dark hallway in a tenement, it was error in charging the jury to read a statute to them, where there was no evidence that there had been a violation of it.

4. LANDLORD AND TENANT—INJURY TO LICENSEE—CONTRIBUTORY NEGLIGENCE.
A person was inspecting an apartment in a tenement, under the supervision of the janitor. After she had decided that it would not answer her purpose, and while the janitor's attention was engrossed elsewhere, she, in an endeavor to locate the bathroom, opened a door in a dark public hallway leading to the cellar, stepped off the stairs, and was injured. *Held*, that the landlord was not liable though the door was not locked.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 669, 671.]

Appeal from Trial Term, New York County.

Action by Annie Robinson against John D. Crimmins. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Carl S. Petrasch (Benjamin C. Loder, on the brief), for appellant.
Randall H. Stern (Herbert A. Knox, on the brief), for respondent.

LAUGHLIN, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. The defendant owned the premises Nos. 1041 and 1043 Third avenue, and the five story-tenement houses erected thereon. On the 29th day of July, 1902, a sign was exposed in front of the premises, "Flat to let. Inquire of Janitor." The plaintiff, accompanied by her friend, Mrs. Himes, while looking for an apartment to rent on that day, observed this sign and inquired of the janitor concerning the flat. They entered the building No. 1041 by the main entrance door, and the janitor conducted them up one flight of stairs to the apartment which was for rent, consisting of six connecting rooms and a bath. He showed them through all of the rooms except the bathroom. The dining room was the first room entered from the hall and the last room which they inspected. Plaintiff there informed the janitor that the apartment would not answer, and she and her companion started to pass out into the hall, while the janitor remained in the dining room to close windows which he had opened during the inspection. As they were leaving the dining room, Mrs. Himes asked the janitor where the bathroom was, and, according to her testimony, he answered, "In the private hall, as you go out to your right, or in the private hall as you go out." Plaintiff testified on this point as follows: "He said it was out in the hallway. The door opened into the hallway, he said, from the bathroom." As they passed out into the hall and turned toward the front of the building, and toward the stair-

way by which they had entered, Mrs. Himes attempted to open a door to her left, which was the side of the hall on which the apartment was located. She found it locked, and so announced. It was, however, in fact the door to the bathroom. Plaintiff then observed a door to their right on the side of the hallway away from the apartment, nearly opposite the one which was locked, and opened the door, at the same time saying to her companion, "Mrs. Himes, I guess this must be the bathroom." The plaintiff testified that upon opening this door she looked in and observed that it was very dark, but saw something white which she took to be the bath tub, and stepped inside, and was immediately precipitated down a back stairway, sustaining the injuries for which she seeks to recover damages.

The charge of negligence on the part of the plaintiff is that the hallway and stairs which were used in common by all of the tenants of the building were dark and unlighted, and that the building law with respect to construction for the admission of light to such hallways had been violated. It is claimed that there was no light in the hall. There was conflicting evidence as to whether or not a gas jet was lighted in the hall at the head of the stairway leading down. The accident occurred about the middle of the forenoon. There was no violation of the statute with respect to lighting public halls in tenement houses, for that does not require a light between sunrise and sunset (section 82, c. 334, p. 908, Laws 1901); and in the absence of a statutory requirement, no duty devolves upon a landlord to light the hallways even though he retains control over the same (Brugher v. Bucktenkirch, 167 N. Y. 153, 60 N. E. 420; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580). It is also claimed that there was a violation of section 80 of chapter 352, p. 933, of the Laws of 1902, which provided as follows:

"In every now existing tenement house four stories or over in height, whenever a public hall on any floor is not light enough in the day time to permit a person to read in every part thereof without the aid of artificial light, the wooden panels in the doors located at the ends of the public halls and openings into rooms, shall be removed and ground glass or wire glass panels of an aggregate area of not less than four square feet for each door shall be substituted; or in lieu of removing the panels in the doors a fixed sash window of wire glass of an area of not less than five square feet may be cut into the partitions separating the said hall from a room which opens directly upon the street or upon a yard, court, or shaft of the dimensions specified in the last section; or said public hall may be lighted by a window or windows at the end thereof with the plans of the window at right angles to the axis of the said hall, said window opening upon the street, or upon a yard, court or shaft of said dimensions."

There was conflicting evidence as to whether or not the hall was sufficiently light to enable a person to read in every part thereof without the aid of artificial light. The first part of the statute with respect to the removal of window panels in the doors located at the end of the hall was not complied with, but the alternative provision, providing, in effect, that it is sufficient if "a fixed sash window of wire glass of an area of not less than five square feet" be cut into the partitions separating the hall from a room which opens directly upon a street, or upon a yard, court, or shaft of the dimensions specified in the pre-

ceding section of the act. It appears that in the partition between the front end of this hall and the front bedroom of the apartment which had windows on Third avenue, there was a window 2½ by 3 feet in dimensions, or larger than required by the statute. There were also windows in transoms opening from outside rooms into the hallway and glass panels in the entrance door, and a skylight for the admission of light, not required by the statute.

The learned trial justice, in charging the jury, read to them all of section 80 of chapter 334 of the Laws of 1901, as amended by chapter 352 of the laws of 1902, the first paragraph of which related to the requirement in the construction of tenement houses thereafter erected. As this tenement house had already been erected, that part of the statute was not applicable to the case, and may well have misled the jury. Counsel for the defendant admitted that this was a tenement house within the meaning of chapter 334 of the Laws of 1901, as amended by chapter 352 of the Laws of 1902. He excepted to the court's reading the entire section to the jury, and the court thereupon instructed the jury as follows:

"I have read all the law, the last part beginning, 'In every now existing tenement,' applies. You may take an exception to it."

Counsel for the defendant thereupon further excepted to the court's reading the remaining part of the statute to the jury, upon the ground that there was no evidence of any violation of it, to which the court replied:

"I am not charging you there was a violation of the statute. I am giving you the law that applies to the case, and it is for you to say upon the facts whether there has been a violation of the statute."

We find no evidence in the record which justified the court in submitting to the jury the question as to whether there was a violation of the statute, and therefore a new trial must be granted.

Moreover, we are of opinion that defendant's motion for a dismissal of the complaint or the direction of a verdict should have been granted. There is no evidence of negligence on the part of the defendant which either required or justified the submission of the case to the jury. Even if the hall was not properly lighted or the statute with respect to the construction of windows for the admission of light to the hallway had been violated, this was not the proximate cause of the accident. The plaintiff was not injured in the public hall or in the apartment to which she was admitted by the janitor. She had passed up the stairway, across or through the hall and through the apartment in safety, and had decided that it would not answer her purposes. She did not receive the injuries while endeavoring to find the exit, but while endeavoring to locate the bathroom at the instance of her companion. Assuming that it could be found on the evidence that she was still considering the question of renting the apartment and was desirous of inspecting the bathroom, that did not justify her in opening a door leading from the public hall and passing over its threshold into darkness. The defendant was under no obligation to the plaintiff to keep the door leading to the cellar stairway locked. Whatever her purpose may have been in opening that door and enter-

ing, in doing so, without waiting for the janitor to assure her that it was the room she desired to enter or inspect, or to light it for her, she acted on her own responsibility, and took the risk of the injuries which she sustained. Hilsenbeck v. Guhring, supra; Dailey v. Distler, 115 App. Div. 102, 100 N. Y. Supp. 679; Pfeiffer v. Ringler, 12 Daly, 437, 440; Gaffney v. Brown, 150 Mass. 479, 23 N. E. 233; Piper v. N. Y. C. & H. R. R. Co., 156 N. Y. 224, 50 N. E. 851, 41 L. R. A. 724, 66 Am. St. Rep. 560; Brugher v. Buchtenkirch, supra. The case of McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153, where there was an unprotected elevator shaft connected with the room into which the licensee entered, and analogous cases are not in point, for here the dangerous situation was made by the plaintiff herself in opening the door through which she entered in darkness. The inquiry concerning the location of the bathroom was not such as to apprise the janitor that either of the women would cross the hall and open the door, and step into darkness at the head of the stairway leading to the cellar, and to call upon him to warn them against so doing.

It follows, therefore, that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.