(56 Misc. Rep. 556.)

### VAN NESS v. MURPHY et al.

(Supreme Court, Appellate Term. November 29, 1907.)

NEGLIGENCE—CONDITION OF BUILDINGS—DARK HALLWAY.

　　Plaintiff, who had selected an apartment in a building and was injured on a subsequent visit by opening a door which led to the cellar and falling down the stairs, held guilty of contributory negligence.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 90, 91.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Jane A. Van Ness against John J. Murphy and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Herman I. Lurie, for appellants.
J. Wilson Bryant, for respondent.

PER CURIAM. From the plaintiff's own testimony it appears that she entered into a dimly lighted, or, as she expresses it, dark, hallway and deliberately opened and walked through the first door she saw. This doorway led to the cellar, and the plaintiff fell down the stairs and was injured. The only evidence of the defendants' negligence lies in the mere statement that the hallway was dark. The plaintiff had visited the premises the week preceding the accident, and had selected an apartment for her daughter on the southerly side of the hall. The entrance to this apartment was on the right, and the entrance to the northerly apartment was on the left, of the cellar door. The conditions as to light were practically the same as to the three doors. The cellar door opened into the hallway. The plain-

tiff, apparently taking no precautions against accident, opened this door and walked through into the darkness of the stairway. Under these circumstances she cannot charge the defendant with negligence. He was not an insurer of the plaintiff's safety, and the mere fact that the hallway was dark, or that the cellar door was not locked, will not support a finding of negligence. Robinson v. Crimmins (Sup.) 104 N. Y. Supp. 1076; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580. There is no presumption that a person can walk through any door he comes to in a strange house without taking proper precautionary measures. The proximate cause of the plaintiff's accident seems to have been her own carelessness. The judgment must therefore be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide event.