(152 App. Div. 457.)

### PHELPS v. KAUFMAN et al.

(Supreme Court, Appellate Division, Second Department.   September 10, 1912.)

1. LANDLORD AND TENANT (§ 169*)—TENEMENT HOUSE REGULATIONS.

That application for erection of a building was filed in the tenement house department of New York City, and a violation was filed against its use without a certificate, shows that the building was within Tenement House Law (Consol. Laws 1909, c. 61) § 21, which fixes the dimensions of treads on stairs.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 663–667, 681–684; Dec. Dig. § 169.*]

2. LANDLORD AND TENANT (§ 168*)—INJURY TO TENANT—LIABILITY OF LANDLORD.

A landlord cannot escape liability for injury to a tenant, caused by treads on cellar stairs not of the width required by Tenement House Law (Consol. Laws 1909, c. 61) § 21, because she did not carry a light with her; the accident occurring on her first use of the stairs, which she had a right to assume were constructed as required by law.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 642, 643, 661, 662, 680; Dec. Dig. § 168.*]

Jenks, P. J., and Burr, J., dissenting.

Action by Kathryne Phelps against Israel Kaufman and another. On exceptions of plaintiff. Exceptions sustained, and new trial granted.

See, also, 146 App. Div. 953, 131 N. Y. Supp. 1137.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ralph G. Barclay, of Brooklyn (Robert Stewart, of Brooklyn, on the brief), for plaintiff.

E. Clyde Sherwood, of New York City (Joseph F. Murray, of New York City, on the brief), for defendants.

THOMAS, J. [1, 2] The plaintiff, living in a house let in part to several families, fell down cellar stairs common to the tenants, and was injured. The complaint was dismissed, upon the grounds that she negligently attempted to use the stairs in the darkness, and that the narrow step or landing at the top of the stairs did not cause her to fall. There was a door at the top of the stairs, which the plaintiff left opened, and another closed door was at the foot of the stairs, with a wall on either side, but there was no handrail. Between the upper door, when closed, and the first riser, the distance was 7½ inches, and on the floor, which ended halfway over the edge of the riser, the saddle or threshold extended, so as to leave only some 3 inches of upper step or landing. No tread on the stairs was over 8⅜ inches, and each riser, although not plumb, was 8 inches. The Tenement House Law (section 21) requires treads of not less than 10 inches, and applies to cellar stairs. Where the foot treads at the top of the stairs is a tread, and section 21 is applicable, provided the house in question is by pleading and proof shown to be a tenement house. The statute (section 2) provides:

"A 'tenement house' is any house or building, or portion thereof, which is rented, leased, let or hired out, to be occupied, or is occupied as the home or residence of three families or more living independently of each other, and doing their cooking upon the premises, or by more than two families upon any floor, so living and cooking, but having a common right in the halls, stairways, yards, water-closets or privies, or some of them."

The complaint does not amply describe the house as a tenement house, but the evidence shows that the application for the creation of the house was first filed in the tenement house department on April 25, 1904, and the building was completed thereafter, and that in the department a violation was filed against its use without certificate. Therefore the house was under the statute, and the construction of the stairway was, as regards the treads, in violation of section 21. Even at common law the question of negligence in such construction of the stairs in a place so obscured would be for the jury.

But the darkness of the place, it is urged, precluded the plaintiff's use of the stairs until she had secured her own safety by illuminating the way and discovering the conditions. That argument means that as a matter of law a tenant, entitled to stairs constructed lawfully for her reasonably safe use, cannot recover if, in the course of her first descent, she fall on the stairs because they are unlawfully and dangerously constructed, provided she attempts, without knowledge of the defects, to use them in such a degree of darkness that she cannot by sight discover the perilous and wrongful construction. It is reasonable decision that a person unconstrained to do so shall not intrust himself in dark, untried, and unknown places in a building, where he cannot, through the darkness, dis-

cover where he is taking himself. Brugher v. Buchtenkirch, 167 N. Y. 153, 60 N. E. 420; Robinson v. Crimmins, 120 App. Div. 250, 104 N. Y. Supp. 1076; Lather v. Bammann, 122 App. Div. 13, 106 N. Y. Supp. 790; Hilsenbeck v. Guhring, 131 N. Y. 674, 30 N. E. 580; Dailey v. Distler, 115 App. Div. 103, 100 N. Y. Supp. 679; Rohrbacher v. Gillig, 203 N. Y. 413, 96 N. E. 733. And even when the law requires cellar stairs to be lighted, if one apprised that the light essential to safe descent has not been provided, and the darkness is the proximate cause of his falling, it has been decided that he may not complain unless he went under some necessity. Lather v. Bammann, supra. In such case the light is absent by the landlord's fault, but the omission of duty declares itself, as does the danger of descending.

But such is not the present case. The door led to the staircase. The stairs were placed and let by the landlords to be used with such imperfect light as was furnished, and the tenant had the right to expect proper stairs and assume the presence of what the statute ordered. Therein the case differs from Weller v. Consolidated Gas Co., 198 N. Y. 98, 91 N. E. 286; and Dailey v. Distler, supra. Using them for the first time, she fell, not necessarily because of absent light, but because the stairs were so constructed that there was but some 3 inches of imperfect tread beyond the threshold, while the short treads beneath facilitated, or at least did not impede, the fall. It is true that absent handrails and the darkness increased the probability of falling and the inability to arrest the descent, and that the plaintiff, had she procured a light, might have discovered how perilous the way the landlords had made for her, and adopted means to meet the results of their negligence.

But that is aside from the essential question, which is whether she was bound to light the stairs and learn, before using them, whether the landlords had done as the statute told them to do. The law imposed a duty on the landlords to provide prescribed treads for the use of the tenant, and they would escape the burden of compliance and compensating for the injury therefrom by the plea that the tenant should discover the construction of the stairs as a condition precedent to using them, and thereby mitigate the chances of the disobedient person suffering for his disobedience. The plaintiff was not commanded by the law to suspect the disobedience of a statute, and is not condemned for failure to take means to detect such infraction. Totten v. Phipps, 52 N. Y. 354; Kenney v. Rhinelander, 28 App. Div. 246, 50 N. Y. Supp. 1088, affirmed 163 N. Y. 576, 57 N. E. 1114; Brown v. Wittner, 43 App. Div. 135, 59 N. Y. Supp. 385; Lee v. Ingraham, 106 App. Div. 167, 94 N. Y. Supp. 284; Lendle v. Robinson, 53 App. Div. 140, 65 N. Y. Supp. 894; Schindler v. Welz & Zerweck, 145 App. Div. 532, 130 N. Y. Supp. 344.

In the last case, where the absence of light was the *proximate cause*, it was decided that the plaintiff must show that she used care. But here the plaintiff fell where she could not see; for the stairs, although not totally hidden, were very dark. The jury would

have been justified in finding that the plaintiff fell from the top tread, but she did not 'lose all control of herself until she reached the fifth step. At the outstart it did appear that she did not fall at once upon entering on the stairs; but it was finally made plain that she fell from the first step, but tried to break her fall, and that the effort became ineffectual at about the fifth step. But, whether she fell from the first or the fifth step, the treads were illegal and faulty. The truth of the matter was for the determination of the jury.

Plaintiff's exceptions sustained, and a new trial granted; costs to abide the event.

WOODWARD and RICH, JJ., concur.

BURR, J. I dissent. The complaint in this action not only fails to allege that the premises upon which plaintiff was injured was a tenement house, but, on the contrary, alleges that it was a steam-heated apartment or flat house. Under the law in force at the time when plaintiff's cause of action, if any, arose (Laws of 1901, c. 334, § 2), there was a distinction between a tenement house and an apartment house. Grimmer v. Tenement House Department, 204 N. Y. 370, 97 N. E. 884. The evidence that was offered tending to establish that the tenement house department had claimed jurisdiction over the building where the accident happened was seasonably objected to, and under the allegations of the complaint was incompetent. But, in addition, it was insufficient to establish that the house was a tenement house within the definition of the statute. The most that can be said with regard to it is that the tenement house department assumed to exercise jurisdiction over it to the extent of entertaining complaints for alleged violations of the provisions of the Tenement House Law. There is no evidence that any action was taken upon these complaints, nor any attempt made to enforce the penalties provided in the act. If any inference can be drawn from the testimony, it is that the tenement house department concluded that it had no jurisdiction in the matter.

In the prevailing opinion in this court reference is made to section 21 of the Tenement House Law. Apparently this is a reference to the act passed to take effect March 20, 1909. Laws of 1909, c. 99. As this act was not in effect until more than a year after the accident happened to plaintiff, a violation of the provisions therein contained could hardly be said to be evidence of defendants' negligence. If, however, we turn to the act which was then in force (Laws of 1901, c. 334, § 17), we find that it contained similar provisions, as follows:

"Sec. 17. Stairways, Continued.—Each flight of stairs mentioned in the last three sections shall have an entrance on the entrance floor from the street or street court, or from an inner court which connects directly with the street. All stairs shall be constructed with a rise of not more than seven and one-half inches and with treads not less than ten inches wide and not less than three feet long in the clear."

If the provisions respecting stairs are limited to the flight of stairs referred to in the section, to wit, those mentioned in the last three

sections, the provision in question does not apply to the house where the accident happened, for the stairs in question were not those extending from the entrance floor to the roof, nor was there any evidence that this was a nonfireproof tenement house containing over 80 rooms, or a fireproof tenement house containing over 120 rooms. Tenement House Act, supra, §§ 14, 15, and 16.

If, however, it be contended that the reference to stairs in section 17 is not limited to those flights of stairs mentioned in sections 14, 15, and 16, but to every stair in a tenement house, the defect which in the prevailing opinion is relied upon as establishing defendants' negligence, is not a defect alleged in the complaint. Such defects are expressed to be excessively steep stairs, the absence of a handrail, the placing of the door saddle at the top of the stairs too close to the top thereof, and the failure to light by artificial means.

The evidence of the plaintiff as to the place where she fell is vague and somewhat contradictory. But it may be that as to this there was sufficient to require the submission of the case to the jury, had the other essential elements necessary to make out a cause of action been established.

JENKS, P. J., concurs.