FLAM v. GREENBERG.

(Supreme Court, Appellate Term, First Department. May 4, 1916.)

1. LANDLORD AND TENANT &169(11)—INJURIES TO TENANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

It was not contributory negligence, as a matter of law, for the tenant of a rented house to remain in her apartment after the landlord undertook to repair a door and left it in an incomplete condition, though the danger was not a hidden defect.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 646, 667, 684; Dec. Dig. &169(11).]

2. LANDLORD AND TENANT &164(3)—PERSONAL INJURIES TO TENANT—OBLIGATION OF LANDLORD.

Where a landlord undertook to repair the door to an apartment of the rented house, her agents were bound to use ordinary and reasonable care in doing the work, even if there was originally no obligation to make repairs.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 632; Dec. Dig. &164(3).]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Essie Flam against Bessie Greenberg. From a judgment of nonsuit at the close of plaintiff's case, she appeals. Judgment reversed, and new trial ordered.

Argued April term, 1916, before GUY, COHALAN, and WHITAKER, JJ.

David Batt, of New York City (Arthur Hutter, of New York City, of counsel), for appellant.

Amos H. Stephens, of New York City (Le Roy G. Edwards, of New York City, of counsel), for respondent.

COHALAN, J. This action was brought to recover damages for personal injuries. In October, 1915, the plaintiff resided at No. 53 East Ninety-Ninth street in a house owned by the defendant. In the latter part of that month the defendant undertook to repair a certain door in the plaintiff's apartment, and left it in an incomplete condition. At a time subsequent, and without warning, the door fell upon the plaintiff's head, in consequence of which she sustained severe injuries. The proof went to show that the defendant had knowledge of the im-

perfect condition of the door, and the carelessness of the defendant's agent in failing—after beginning the work—to leave it fully repaired.

The defendant contended on the trial that the plaintiff had not sustained the burden of proving her freedom from contributory negligence; in a word, that she had no right to assume the hazard of remaining in the apartment with the knowledge that the door had been left in an improper condition, and if she did so remain, and was injured, she may not recover in this action. The court so held, and erroneously dismissed the complaint.

[1] It was not contributory negligence, as a matter of law, for the plaintiff to remain in her apartment, even though the danger of the door was not a hidden defect. Frank v. Simon, 109 App. Div. 38, 96 N. Y. Supp. 666; Phelps v. Kaufman, 152 App. Div. 457, 137 N. Y. Supp. 345. The court should have left, for the determination of the jury, the question whether or not the plaintiff was guilty of contributory negligence.

[2] The defendant undertook to make the repairs, and her agents were bound to use ordinary and reasonable care in the doing of the work, even if there was originally no obligation to make repairs in the apartment.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event.

WHITAKER, J., concurs.   GUY, J., concurs in the result.